HALL, *Administrator, Appellant*, v. KNAPPENBERGER.

1. **Practice :** ALLEGATIONS AND PROOF. The plea of a gift of a note is not sustained by evidence of a written assignment " for value received," and directions to the bailor of the note to deliver it to the assignee.

2. ———— : GIFT : UNDUE INFLUENCE. The gift of a note for five thousand dollars by a man eighty years old to his confidential friend, agent, adviser and business manager, the donor being at the time ill and under the influence of opiates, and the gift constituting nearly all of his personal estate, is presumptively void, and the burden is cast upon the donee of showing its absolute fairness and validity and that it was entirely free from undue influence.

3. ———— : ———— : ————. This rule applies as well to suits at law as to proceedings in equity, and is as broad in its scope as the existence of confidential or fiduciary relations.

*Appeal from Carroll Circuit Court.*—HON. JAS. M. DAVIS, Judge.

REVERSED AND REMANDED.

*Hall & Sons, A. M. Hough* and *Prosser Ray* for appellant.

The testimony of all the witnesses shows that Reeves was an infirm, weak old man, broken down by disease and age. While some of the witnesses testify that he was competent to attend to ordinary business, yet the testimony taken together shows almost conclusively that he was unable to attend to his affairs and did not do so, further than to talk about them, that Knappenberger was his agent and acted for him and attended to all his business affairs. In *Gay v. Gillilan,* 92 Mo. 250, this court says that where confidential or fiduciary relations exist, and a gift be bestowed or a contract be made

between such parties, then the party occupying the attitude of guardian, agent, trustee, medical adviser, etc., who is the recipient of such gift, etc., has the *onus* to bear of establishing the absolute fairness of the given transaction.    Courts of law, when called upon for redress in such cases, give it on precisely the same principle that guides courts of equity in analogous cases. In the apt and forcible language of Sir Samuel Romilly, in his celebrated reply in *Hugennin v. Basely*, 14 Ves. 285, 286: "The relief stands upon a general principle, applying to all the variety of relations in which dominion may be exercised by one person over another."

*J. L. Mirick* and *Kinley & Wallace* for respondent.

There is nothing in the evidence showing Knappenberger was an attorney or occupied any fiduciary relation to Reeves, except that he had occasionally been called upon to write a deed or settle a difference.    The fact of his being an agent does not create the relation insisted upon by appellant.    Kerr on Fraud and Mistake, ( Bump's Ed.) 176, 177 ; *Post v. Mason*, 91 N. Y. 539.

SHERWOOD, J.—Action by plaintiff as administrator *de bonis non* of the estate of John Reeves, deceased, to recover from defendant the amount of a promissory note for five thousand dollars, collected by him, during the lifetime of the decedent, which note the petition charges to have been obtained by defendant through covinous methods and by undue influence.    The answer pleads that the note was a gift, etc.

I.    The evidence offered to support the plea of a gift had no tendency in that direction, since it showed a written assignment of the note "for value received" and directed a banker in Illinois, who was the bailor of the note, to deliver it to defendant.    Of course, evidence of such a character could no more sustain the plea of a

gift of the note than would evidence of the gift of the note sustain a plea of the transfer of the note for a valuable consideration. The familiar doctrine must not be lost sight of, that the evidence must correspond with the allegations of the pleading.

II. But apart from such considerations, the evidence shows by a decided preponderance that the deceased was about eighty years old; had Bright's disease; to relieve his pains, frequently took twenty-five or thirty grains of opium per day, and in consequence of which was for most of the time in a somnolent condition, and, besides that defendant was the confidential friend, agent, adviser and business manager of the deceased, who was under his thumb, and that the note in question was about all the personal estate that the old man had left, insomuch that only fifteen dollars in money was inventoried by defendant when he took out first letters on Reeves' estate. If, in such circumstances, a gift of any considerable value be bestowed by the one who reposes confidence upon the one in whom confidence is reposed, such gift is presumptively void. The burden is cast upon the recipient of the gift and it belongs to him to show the absolute fairness and validity of the gift and that it is entirely free from the taint of undue influence. This sound and wholesome doctrine applies as well to suits at law as to proceedings in equity, and is as broad in its scope as the existence of confidential or fiduciary relations. The rule "stands upon a general principle applying to all the variety of relations in which dominion may be exercised by one person over another." Lord Cottenham remarked in *Dent v. Bennett*, 4 Mylne & Cr. 277, that he would not "narrow the rule or run the risk of in any degree fettering the exercise of the beneficial jurisdiction of this court by any enumeration of the description of persons against whom it ought to be most freely used." And in *Gibson v. Jeyes*, 6 Ves. 266, when speaking of dealings between parties situated as above mentioned, said:

"Those who meddle with such transactions take upon themselves the whole proof that the thing is righteous." This whole subject was gone into in the recent case of *Gay v. Gillilan*, 92 Mo. 250, where many of the authorities will be found collected.

As this cause was not tried in conformity with the theory there laid down, the judgment will be reversed and the cause remanded, with directions to proceed in conformity with this opinion. All concur, BARCLAY, J., not sitting.