MEYER *et al.* v. KOEHRING *et al., Appellants.*

### Division Two, June 4, 1895.

1. **Pleading:** EVIDENCE: NOTE: CONSIDERATION. Proof of either a good or valuable consideration is sufficient to support the allegation in a petition that the note in suit was assigned ''for a good and valuable consideration.'' In such case it is not necessary to prove both a good *and* valuable consideration to establish title to the note; ether is sufficient when accompanied by delivery.

2. **Note:** GIFT: DELIVERY: EVIDENCE. The evidence in this case, on the issue of a gift and delivery of the note in suit, from a mother to her daughter, reviewed and *held* sufficient to sustain the finding of the trial court in favor of the gift.

3. **Gift.** A gift, when executed, is as good and binding on the parties thereto as any other kind of contract.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*John W. Booth* for appellants.

(1) Evidence of a gift does not support an allegation of a transfer for valuable consideration. *Hall v. Knappenberger*, 97 Mo. 509.    (2) An allegation that the owner of a negotiable note, "for a good and valuable consideration by indorsement, in writing, assigned, transferred and delivered" the note to plaintiff, is an allegation of a transfer for a valuable consideration. When the adjectives "good" and "valuable" are so joined in the description of a single consideration, they collectively mean that the consideration was not only valuable in its nature, but also full and adequate in fact.    This is especially true as applicable to the stating part of a bill in equity, in which it is the duty of a suitor to make a clean breast of the true ground on which he demands such relief as can not be had in a mere court of law.    (3) A court of equity, in examining evidence, will have regard to the situation of the parties with respect to the subject-matter of the action, and with respect to each other, in determining the sufficiency of the evidence to sustain a decree.    (4) Upon the pleadings and evidence in this case the court should reverse the judgment of the circuit court, and enter a decree here for appellants, as prayed in their answer.

*J. C. Kiskaddon* for respondents.

(1) The case of *Hall v. Knappenberger*, 97 Mo. 509, cited by appellants, is not in point.    In that case, there was a plea that the note was a gift, and the pleader attempted to sustain that allegation by introducing in evidence a note bearing an indorsement transferring it for "value received."    In the case at bar the pleader alleges that the transfer of the note was for a good and

valuable consideration, and sustains this allegation by introducing a note bearing an indorsement transferring it for "value received." (2) The production in court, by plaintiff, of the note, with the indorsement of payee thereon, purporting to transfer it for a valuable consideration to plaintiff, constituted plaintiff *prima facie* owner of the note. *Fitzgerald v. Barker*, 85 Mo. 13; *Bank .v. Wright*, 53 Mo. 153; *Ashbrook v. Letcher*, 41 Mo. App. 369; *Shirts v. Overjohn*, 60 Mo. 305; 1 Daniels on Negotiable Instruments [4 Ed.], sec. 99. (3) A gift is as effectual to transfer the legal title, and is as irrevocable as a sale for value. 1 Parsons on Contracts [7 Ed.], 235; 8 Am. and Eng. Encyclopedia of Law, secs. 1309, 1322, 1336. (4) The variance, if any, is immaterial. Either a sale or gift tranfers the legal title; and the transfer of the title is really the issue. *Boone v. Stover*, 66 Mo. 430; *Bennett v. McCanse*, 65 Mo. 194; *Bank v. Leyser*, 116 Mo. 51; *Howard Co. v. Baker*, 119 Mo. 397. (5) If there was a variance, it was such an one as not to constitute failure of proof. The legal title passed; the variance, if any, was in the mode of its passing. Defendants, having failed to take advantage of this variance, in the manner pointed out by the statute, waived it. *Fisher v. Max*, 49 Mo. 404; *Wells v. Sharp*, 57 Mo. 56; *Brown v. Railroad*, 50 Mo. 461; *Clements v. Maloney*, 55 Mo. 352; *Bennett v. McCanse*, 65 Mo. 194; *Meyers v. Chambers*, 68 Mo. 626; R. S. 1889, sec. 2096. (6) Parol evidence can not be admitted to vary the terms of the contract implied in an indorsement of a negotiable promissory note. 1 Daniels on Negotiable Instruments [4 Ed.], sec. 717, *et seq.; Rodney v. Wilson*, 67 Mo. 123; *Lewis v. Dunlap*, 72 Mo. 174. (7) A defendant can not allege that property was procured by fraud and without consideration, and then sustain such allegation by evidence of a gift.

·Priest v. Way, 87 Mo. 16. There is no evidence that plaintiff exercised any undue or improper influence over her mother to induce her to make the gift. Moore v. Moore, 67 Mo. 192. It is of no concern to the makers, if they owe the note, whether the payee sold it or gave it to the indorsee. The ownership of the note, and not how the title passed, is the only question of interest to the makers. Million v. Ohnsong, 10 Mo. App. 432; Bannister v. Kenton, 46 Mo. App. 462; Moore v. Candall, 11 Mo. 614.

BURGESS, J.—This is a proceeding in equity for the purpose of having canceled a certain deed of release, executed by defendant Maria E. Koehring, to her codefendants, Clara M. and John H. Koehring, on the fourteenth day of November, 1892, releasing a certain deed of trust executed by said Clara M. and John H. Koehring on the twentieth day of February, 1892, to the plaintiff, Wehrmann, as trustee on certain lands therein described to secure the payment of two promissory notes for the sum of $832.50 each, executed by them to said Maria on said twentieth day of February, 1892, one payable one year after date, and the other payable in two years after its date, and for the foreclosure of said deed of trust. Plaintiff Lisette Meyer claims to be the owner and holder of the first described note.

In February, 1892, Maria E. Koehring sold a farm situated in Franklin county which she then owned, to her son and codefendant John H. Koehring, for the sum of $2,497.50 payable one third cash, and the balance in one and two years. The cash payment was made, and the notes and deed of trust to secure the deferred payments executed as before stated.

Plaintiffs allege in their petition that, on the fourth day of March, 1892, said Maria "for good and

valuable consideration, by indorsement in writing, assigned and transferred and delivered," the first of said notes which became due to said Lisette, and that said defendants combined and confederated together to wrong and defraud said Lisette and for that purpose made and caused to be filed and recorded the said deed of release; that said deed of release impaired said Lisette's security for the payment of said note; that defendants were all insolvent, and that said note was past due.

Defendants in their answer admitted the execution and delivery of the notes and deed of trust to the defendant Maria and the deed of release by her to her codefendants Clara M. and John H. Koehring, but denied all other allegations in the petition. It then alleged that defendants Clara M. and John H. are husband and wife; that defendant Maria is a widow and the mother of the plaintiff Lisette, and of her codefendant John H. Koehring; that at the time of the execution and delivery of said notes and deed of trust, said Maria was boarding with said Lisette and on receipt of said notes and deed of trust placed the same, together with others of her papers in the care and custody of said Lisette for safe keeping; that a few months thereafter said Maria, by reason of unkind treatment received at the hands of her said daughter, left her daughter's house leaving her papers also, which were still in her daughter's control; that a few days thereafter she sent to said Lisette for her papers, when her said daughter sent to her all of them, except the note sued on, which she wrongfully withheld, and still wrongfully withholds.

Plaintiffs made reply to defendants' answer denying all the allegations therein contained.

The trial resulted in a judgment and decree for plaintiffs in accordance with the prayer of the petition

canceling the deed of release, and foreclosing the deed of trust. Defendants appealed.

The evidence tended to show that the defendant Maria E. was eighty-three years of age in July, 1893; that she had been a widow for over twenty years at the time of the trial of this cause; that she had six living children, all of whom were married; that prior to and up to October, 1891, she lived with her son John H. on her farm, when she left there and went to her daughter Lisette's house in Washington in Franklin county, and continued to live with her daughter for nearly a year, and then returned to the house of her son, not, however, until after she had sold her farm to him; that in February, 1892, she employed the plaintiff Wehrmann to sell her farm, and that he sold it to the defendant John H. Koehring for the sum heretofore stated, one third being paid in cash, when she executed a deed thereto to Clara M., John H. Koehring's wife, at his request, and he executed his notes, and he and his wife Clara executed a deed of trust on the land to plaintiff Wehrmann as trustee for Maria E. Koehring, to secure the payment of the balance of the purchase money. The notes and deed of trust were executed on the twentieth day of February, 1892, and after they had been delivered to Maria E. Koehring, she handed them to Lisette to put away, and take care of for her.

On the fourth day of March, 1892, Maria E. made a will, which was written by said Wehrmann at her request, and in which is contained the following provision with respect of the note in question, to wit:

"I, Maria Elizabeth Koehring, of the city of Washington in the county of Franklin and state of Missouri, do hereby make, publish and declare this my last will and testament, intending thereby to dispose of all my estate of which I shall be possessed at

the time of my death. *First.* I have, give and bequeath unto my daughter, Lisette Meyer, a born Koehring, a certain promissory note for eight hundred and thirty-two dollars and fifty cents, in words and figures as follows, to wit." Then follows a copy of the note.

She bequeathed to Lisette the other note, to be collected by her and distributed among certain other persons named in the will, and in amounts as therein specified. She also bequeathed to Lisette all the balance and remainder of her estate that should remain after the payment of her debts and funeral expenses. Mrs. Maria E. Koehring could not read or write, and her name was affixed to the will by another person, she making her mark. The will also was then placed in the care of Lisette for safe keeping.

Mrs. Maria E. Koehring remained at the house of Lisette for about seven months after March 4, 1892, and then went to live with her son, John H., where she has remained ever since. A short time after she went to her son's she sent him and his wife, Clara, to Lisette for her papers, who at first refused to send them, but she finally handed to John H. two envelopes, one sealed, the other unsealed. John H. took the envelopes home in the condition that they were in when he received them and in the presence of his mother and wife, opened them. In the sealed envelope the will was found, and in the unsealed envelope the deed of trust and the note which became due last were found; the note in controversy being missing. He afterward returned to Lisette, and asked her about the missing note when she said to him that "she had the note and was going to keep it and collect it." The note was indorsed on the back as follows: "For value received I hereby assign, transfer, and set over all my right, title and interest of the within note to my daughter,

Lisette Meyer, a born Koehring, this fourth day of March, 1892. (signed) Maria Elizabeth (her X mark) Koehring." The indorsement and signature were in the handwriting of the plaintiff Wehrmann, who attested it as a witness.

Wehrmann testified, in substance, that the assignment of the note was made at Lisette's house on the day that it was dated, and that he, Lisette and her mother were the only persons present; that he gave the notes to Mrs. Maria E. Koehring, and that she then told Lisette that she was going to make her a present of one of the notes; said Lisette had always done a good many things for her, had never got anything out of the estate, and that she would give that for her interest, and said to her: "Which one do you want?" and that Lisette replied: "If you want to make me a present of one of them, I will take the one that first comes due;" that he told the old lady if she wanted to give her one, that it must be transferred, and she asked him to do that for her, which he did; that she then requested him to write her will, and in compliance with her request he wrote the will which was read in evidence by defendants.

Mrs. Meyer testified to substantially the same facts that Wehrmann did as to what her mother said, as to her choice of notes, and as to her mother making her mark to the assignment on the back of the note in question which she stated was made on the day of its date; and that the note was delivered to her by her mother on that day.

Mrs. Maria E. Koehring testified as a witness in her own behalf, and denied almost entirely everything stated by Wehrmann and Lisette in regard to the assignment of the note, and the delivery of it to Lisette as a gift, or that she intended to give it to her at that time. She stated that she was over at her daughter's

on a visit and stayed there for some time, and got the money which had been paid in cash for the land, and the notes; but that Lisette kept one of the notes; that she put one in the cigar box, and when she finally wanted the notes, "Lisette said she would keep one note, and the other note I would keep until my death; and I said it would be divided among the children. Everything belonged to me. It didn't belong to Lisette." She admitted making the will. When asked if she "did not tell Lisette that she might have one of these notes, because she had not got anything out of her father's estate yet," she answered that "she never said to me this or that or anything, and I don't know what she got from her father. All I got was from her father, and that is not much, not any more than I need."

Mrs. Maggie Weber, a granddaughter of the old lady, testified for plaintiffs in rebuttal that her grandmother stated to her in German, that, "I have made my daughter, Lisette Meyer, a present of a note for $800." This, however, was denied by the grandmother.

The first contention of defendants is that there was an entire failure of proof, in that the petition alleges that the note was assigned to plaintiff Lisette "for a good and valuable consideration" which means a *valuable* as contradistinguished from a *good* consideration, while the proof showed that the only consideration was that which is defined in law as good, that is, natural love and affection.

*Hall v. Knappenberger*, 97 Mo. 509, is confidently relied upon as sustaining this contention, but an examination of that case will show that it is clearly distinguishable from the case at hand. In that case the answer alleged that the note in question was a "gift," while the written assignment of it was for "value received," while in this case the allegation in the peti-

tion conforms to the indorsement on the note, which is "for a good and valuable consideration." The evidence showed that no valuable consideration ever passed between the parties in consideration for the assignment of the note, nor does the assignee Lisette claim that there was any such consideration, but the evidence did tend to show that the note was a gift to her by her mother; and in this respect sustained the allegation as to the consideration for the assignment in so far as the proof went, and was by no means an entire failure of proof. Proof of either a good or valuable consideration would have been in support of the allegation as to the assignment and consideration therefor, and all that would have been necessary if the *quantum* was sufficient. It was not necessary to prove both a good and valuable consideration to prove title to the note—either was sufficient when accompanied by delivery.

The next question is as to the correctness of the ruling of the trial court in rendering the judgment and decree in favor of plaintiffs, under the evidence adduced. The testimony of the plaintiff Wehrmann and that of Mrs. Maria E. Koehring, was not only inconsistent and in irreconcilable conflict, but each one of them made numerous incongruous and contradictory statements. The former's statements with respect to dates and matters of detail, seem to be in utter disregard of one of the commandments; and while the latter's memory seems to have been greatly at fault in some respects that must be attributed in a large degree to her advanced age, and general decline, both mentally and physically.

The plaintiff Lisette testified positively as to the indorsement of the note, and to its delivery by her mother to her as a gift, and, whilst her mother denied her statements in this regard, Lisette is not only cor-

roborated by Wehrmann and other witnesses, but seemingly so by the provisions of her mother's will, wherein it is said: "I have, give and bequeath unto my daughter, Lisette Meyer, a born Koehring, a certain promissory note for eight hundred and thirty-two dollars and fifty cents." The note mentioned in the will is conceded to be the one in question, and, whether the will be construed as meaning that the note had already been given to Lisette, or as a gift to take effect at the death of Mrs. Koehring, it clearly shows that her intention was, at the time she executed the will, that Lisette should have the note. The words "I have, give and bequeath to my daughter," would seem to indicate that Mrs. Koehring had, before the signing or having the will written, given the note to her daughter. The theory that the note was a gift to Lisette, by her mother is borne out by all the witnesses introduced by plaintiffs.

While the record is not barren of evidence to support the theory of the defense, that is, that the note was only deposited with Lisette by her mother, with other papers to her belonging, for safe keeping, the weight of the evidence not only showed that the gift of the note to Mrs. Meyer, was made perfect and the contract completed by its delivery to her, but any question with respect thereto was placed beyond any controversy by the written assignment of the note to her. When the note was given to Mrs. Meyer and delivered to her, by her mother the contract was complete and valid as between them, and no act of Mrs. Koehring thereafter could deprive her of the ownership of the note. A gift when executed is as good and binding on the parties thereto as any other kind of contract.

Whether Mrs. Koehring acted wisely in thus disposing of her property, in her advanced age and enfeebled condition, is not for the consideration of this court.

The principal question for determination is as to whether she gave and delivered the note to Lisette. This issue was resolved in favor of Lisette by the trial court, who had the opportunity of hearing the witnesses testify, and of observing their demeanor on the witness stand, and to its finding and judgment we must defer. The judgment is affirmed. SHERWOOD and GANTT, JJ., concur.