**Kathy DUVALL, Plaintiff–Appellant,**

v.

**Patricia HENKE,
Defendant–Respondent.**

**No. 53504.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1988.

Victoria F. Taylor, St. Louis, for plaintiff-appellant.

Steven R. Ohmer, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

Personal representative of the estate of David Pinkerton filed a Section 473.340 RSMo 1986 petition to discover and recover various items of tangible personal property. Pinkerton was living with defendant Henke at the time of death. The trial court found that Henke was an inter vivos donee of the property. The Estate appeals.

Pinkerton and Henke met and began dating during the first two months of 1986. He moved into her apartment at the end of February or the beginning of March of 1986. While the couple lived together he moved the following items into the apartment: one Hitachi color television, one GE radio, one VCR, four VCR tapes, one kitchen table, four kitchen chairs, and one typewriter. Title for the listed items of personal property is at issue in the case.

On appeal, Personal Representative assigns error claiming that the evidence was insufficient to support a finding of a valid inter vivos gift from Pinkerton to Henke of the personal property he brought into the apartment the couple shared. We review the claim of sufficiency of proof in a court

tried case according to the standard set in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

▓▓▓ The general rule concerning an inter vivos gift is well established. *Kelly v. Maxwell,* 628 S.W.2d 931, 934–35 (Mo. App.1982). The following elements constitute a valid inter vivos gift: 1) present intention of the donor to make a gift; 2) delivery of property by donor to donee; and 3) acceptance by donee whose ownership takes effect immediately and absolutely. *In re Evans' Estate,* 614 S.W.2d 315, 317 (Mo.App.1981). The party claiming that an inter vivos gift exists, has the burden of proving the elements of gift by clear, cogent and convincing evidence. *In re Estate of Wintermann,* 492 S.W.2d 763 (Mo.1973)). The trier of fact determines whether a valid gift inter vivos exists. *Id.* at 383.

▓▓▓ The initial question is whether decedent had the requisite present intent to make an inter vivos gift of his personal property to his girlfriend. Specific language is not required to reflect present intent to make a gift on the part of donor. Consequently, the circumstances surrounding the living situation has critical importance. We learn from the transcript the following facts: 1) the couple lived together and held themselves out to the public as husband and wife; 2) decedent brought personal property into the apartment for their mutual use and enjoyment; 3) decedent and girlfriend had a joint checking account for the purpose of paying household expenses. These circumstances create an inference that decedent had the present intent to make inter vivos gifts of the items he brought into the apartment he shared with Henke.

There is evidentiary support for finding a gift was intended and made. Henke stated during direct examination, "I also made a remark to him that, well, if something broke and it was his, he would have to pay for it, and he corrected me very swiftly on that and stated, 'No, these are our items. We both contribute to the funds, we will pay for it [repairs] out of the funds.'" This is ample evidence from which the trial court could conclude that decedent had the present intent to make a valid inter vivos gift.

▓▓▓ The above testimony also bears heavily on the second inquiry; whether decedent made valid delivery of his personal property to Henke. The general rule concerning delivery is that there must be "some conduct on the part of the donor indicating change in character of his possession from that of sole owner to that of joint tenant." *Wantuck v. United Savings and Loan Ass'n.,* 461 S.W.2d 692, 696 (Mo. banc 1971). The Supreme Court there recognized a special exception where family relations are involved. *Id.* at 695. In such cases a gift may occur by transfer from donor to himself and another as joint owners.

In *Wantuck,* the court applied the general rule and held no gift was made. However, it recognized the special exception to the general rule requiring delivery which allows for a presumption as to the presence of delivery in cases where a family relationship exists. *Id.* at 696. In a declaratory judgment action it held the exception did not apply because there was no family relationship between one Mengerhausen and his church. The case involved a certificate of deposit evidenced by a certificate issued in joint names of Mengerhausen and a church. Mengerhausen retained possession of the certificate in his safety deposit box where it was found after his death. Interest checks were paid solely to the deceased. The church was unaware of the existence of the certificate until after his death. The court distinguished these facts from those considered in *Commonwealth Trust Co. v. Du Montimer,* 193 Mo.App. 290, 183 S.W. 1137 where at l.c. 1139 it is said: "In 14 Am. & Eng.Ency. of Law (2d Ed.) p. 1019, 'Where one person gives to another a joint interest in property with himself, no delivery to the donee is necessary, the possession of the donor being also that of the donee ...'." The court determined that the quoted statement in *Commonwealth Trust Co.,* "must be read in the light of the fact that a family relationship existed between the donor and donee,

and absent such circumstances do not constitute authority to support the contention for which they are cited [by appellant church]." *Id.* at 695.

The question of delivery is complicated by the living arrangement chosen by Pinkerton and Henke. Pinkerton continued to use personal property he brought to the apartment. However, there is support in the evidence for finding that after delivery Henke had equal possession and use of the property. In *Dickson v. Dickson*, 231 Mo. App. 515, 101 S.W.2d 774 (1937) the court considered a proceeding in the probate court to discover assets. The issue was a promissory note which was endorsed by decedent which contained an assignment to his wife and the provision, "[a]t my death this note is to become the property of my wife, Emma A. Dickson." The Supreme Court affirmed a trial court determination that there was sufficient evidence of delivery. Significantly, it recognized,

> "[t]he question of a change of possession must be considered in connection with the facts in the case. ... It is no doubt true in respect to the property in general there was no open and visible change of possession. But how could there have been? The donor and donee were husband and wife, living together at a public hotel. Must she separate from him in order to be competent to receive from him a gift? If he gives her a picture or an article of furniture, must she procure it to be kept by someone else instead of placing it in her own apartment? ... No doubt the circumstances of the relation, and the facility with which frauds may be accomplished under the pretense of sales or gifts between husband and wife ought to be carefully weighed in determining whether or not a gift has been made, but when all are considered the one question and the only question is, whether the wife has established her right by a fair preponderance of the evidence; if she has, no court has any business to require more."

*Dickson*, 101 S.W.2d at 776, quoting from *Davis v. Zimmerman*, 40 Mich. 24.

Although Pinkerton and Henke were not a family for all legal purposes we find the chosen relationship sufficient to apply the exception to the general rule and to allow a presumption in favor of delivery. The relationship and joint possession in Henke's apartment was sufficient to satisfy proof of delivery.

The final inquiry as to whether decedent made a valid inter vivos gift is whether donee properly accepted the personal property. Once again, because of the close living situation involved it would be impractical to require that Henke make a formal acceptance. The facts reflect an implied acceptance on her part. First, she implicitly agreed to decedent's suggestion to use their combined funds to repair the personal property involved. Second, she had at least equal use and enjoyment of the items decedent brought into their apartment.

The record reflects sufficient evidence from which the trial court could conclude that Pinkerton made an inter vivos gift to Henke of the personal property he brought into the apartment. We affirm.

KELLY, J., concurs.

SMITH, J., dissents.