**Heide E. NEMETH, Personal Representative of the Estate of George S. Nemeth, Sr., Decd., Respondent/Appellant,**

v.

**George and Rose NEMETH, Appellants/Respondents.**

**Nos. 54676, 54861.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 14, 1989.

Jack J. Gilbert, Clayton, for George and Rose Nemeth.

David R. Spitznagel, Kirkwood, for personal representative of estate.

CARL R. GAERTNER, Judge.

Particularly appropriate to the consideration of these cross appeals is an observation of our Supreme Court in the case of *In Re Estate of Hoffman,* 490 S.W.2d 98, 102 (Mo.1973).

> "The average person has no precise knowledge of the legal requirements constituting a valid gift. However, in order to preserve regularity, maintain consistency and set reliable guidelines, legal authority has devised rules and imposed certain restrictions on the actions of individuals which govern what they can effectively do in making a gift. If there is

a failure to meet these conditions, it must be accepted that on occasion the desires of a donor may not be carried out."

George S. Nemeth, Sr. (decedent) was diagnosed as suffering from cancer in April, 1985. He suffered a stroke in September, 1985 and subsequently moved from St. Louis to the home of his parents, George and Rose Marie Nemeth in Jefferson County. They cared for him until his death in June, 1986. His marriage to Heide E. Nemeth had been dissolved. He is survived by two minor children of this marriage who reside with their mother. At some undisclosed date Heide was appointed personal representative of his estate by the probate division of the Circuit Court of Jefferson County. The first publication of letters of administration was on March 3, 1987. On January 27, 1988 Heide, as personal representative of the estate, filed a petition for discovery of assets alleging George and Rose Marie were in possession of certain items of personal property owned by decedent. George and Rose Marie filed an answer to the petition in which they admitted possession of some of the items but alleged that they had been given by decedent during his lifetime to his father, mother, and brother. A hearing was held on March 24, 1988. Admitted in evidence was a document purporting to be decedent's will. The document was hand written by Rose Marie at decedent's direction. Decedent's signature, due to his physical impairment, is illegible. Believing this fact invalidated the will, despite the witnesses to decedent's signature, the parents did not file the document for probate within the time limitation of § 473.050 RSMo. 1986. The document describes certain items as having been previously given to decedent's father and brother and purports to be a testamentary disposition of other property. The trial court ordered that some items be surrendered to the personal representative and upheld the inter vivos gift of other items. Both parties have appealed.

Before addressing the specifics of the trial court's order it is appropriate to set forth the principles of law by which our decision is controlled. First, we review pursuant to the well known standards of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and give due regard to the trial court's evaluation of the credibility of the witnesses. *In Re Estate of Lowe*, 519 S.W. 2d 373, 375 (Mo.App.1975). A valid inter vivos gift requires a present intention of the donor to make a gift, delivery of the property to the donee and acceptance by the donee. *Duvall v. Henke*, 749 S.W.2d 714, 716 (Mo.App.1988). A gift causa mortis, i.e., a gift in contemplation of death, which may be revoked before death and which is defeated by the recovery or survival of the donor, requires actual and complete delivery of the property to the donee and his retention of it until the death of the donor. *Genteman v. Sutter*, 215 S.W.2d 477, 479 (Mo.1948). Regarding an inter vivos gift, cases have recognized a family relationship exception which allows for a presumption of delivery between family members, especially those residing in the same household. *Wantuck v. United Savings & Loan Assoc.*, 461 S.W.2d 692, 696 (Mo. banc 1971); *Duvall v. Henke*, supra. Physical delivery of the property is not always required but in some circumstances delivery may be evidenced by some writing of the donor given to the donee, especially if they are living together at the time or it is impractical to make manual delivery. *In Re Harlow's Estate*, 239 Mo.App. 607, 192 S.W.2d 5, 11 (1945).

We turn now to the application of these principles to the specifics of the instant case, a task complicated by the paucity of detail revealed by the record before us. For example, one item claimed by the personal representative was a gold Rolex wrist watch. Decedent's parents claimed to have given the only watch decedent possessed to his son, but this was not a Rolex. The trial court made no mention of the watch in its order.

Another disputed item was a thirty-five millimeter camera. Decedent's mother testified her son had only an empty camera case. Heide described the camera as "*my* German camera * * * which *I* brought from Germany." Obviously a petition for

the discovery of assets belonging to a decedent's estate is not a proper vehicle for the recovery of property owned by the personal representative. Nevertheless, the trial court found that the decedent's undescribed *"cameras"* had been given to his mother.

The principle items in dispute were an inoperable 1976 Chevrolet truck, a travel trailer, a Johnboat, an Evinrude outboard motor and boat trailer, a .357 Magnum handgun, a shotgun and fishing equipment. The trial court found that gifts of the shotgun and fishing equipment were valid and this finding is supported by the evidence. The court invalidated the attempted gifts of the other items on the grounds that the titles to these items were never "transferred". The evidence showed that, with the exception of the handgun, certificates of title of these items were given by decedent to his father. Counsel for the personal representative by his questioning developed that no "transfer of title" had been effected. We assume that "transfer of title" was intended to refer to the statutorily required registration with the Director of Revenue following a transfer of ownership. Section 301.210 (Motor vehicles and trailers); § 306.015 (Vessels); § 306.550 (Outboard motors).

■ If the donee of property within the purview of these statutes fails to file an application for registration within the time and in the form prescribed, he may be guilty of a misdemeanor, but this failure is irrelevant to the validity of the gift. A gift of such property may be validly consummated through delivery by the donor to the donee, or someone on behalf of the donee, of a properly endorsed and acknowledged certificate of title. The evidence in this case shows delivery of the certificates of title and of the property, but is totally silent regarding the crucial fact of endorsement.

Since this case must be remanded for further proceedings, we note that the predecessor statute of § 301.210, pertaining to the transfer of ownership of motor vehicles, was long ago held to invalidate an attempted gift of a motor vehicle in the absence of a delivery of a properly endorsed certificate of ownership. *Platner v. Bourne,* 275 S.W. 590, 591 (Mo.App.1925). Section 301.210.4 expressly invalidates any attempted sale of a registered motor vehicle or trailer without the assignment of the certificate of ownership as "fraudulent and void", a proscription specifically noted in *Platner.* No comparable language is found in the statutes requiring registration of vessels, § 306.015 or outboard motors, § 306.550. The parties have not addressed the question of whether the absence of such express invalidation language as set forth in § 301.210.4 from the provisions of the other registration statutes is a material consideration in determining the legal validity of an attempted gift without compliance with the statutory requirements. Nor shall we address this question in the absence of a record which adequately presents us with the issue.

Similarly, we do not at this time and on this record consider the question of whether the provisions of § 571.080, defining as a crime the transfer of a concealable firearm without a permit, and § 571.090.5, requiring the transferor of the firearm to return the permit to the sheriff for preservation, constitutes a gun registration law, noncompliance with which should be accorded similar effect to noncompliance with the motor vehicle registration law. There simply is no evidence indicating the donee of the handgun at issue did or did not obtain a permit.

■ Additionally, on the record before us the trial court was without jurisdiction to order Daniel Nemeth, the decedent's brother and the donee of the Johnboat, Evinrude motor and trailer, to surrender these items to the personal representative. Although Daniel testified as a witness, he was never made a party to the proceedings.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

GRIMM and SATZ, JJ., concur.