FLOORING SYSTEMS, INC., Plaintiff,

v.

STAAT CONSTRUCTION COMPANY,
Respondent/Cross–Appellant,

and

DLJ Properties, Appellant/Cross–
Respondent.

Nos. ED 80814, ED 80867.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 11, 2003.

Motion to Modify Denied March 20, 2003.

Application for Transfer Denied
April 22, 2003.

Steven M. Cockriel, St. Louis, MO, for Plaintiff/Respondent/Cross–Appellant.

Craig A. Smith, St. Louis, MO, for Appellant.

GEORGE W. DRAPER III, Judge.

DLJ Properties, Inc. (hereinafter, "DLJ") appeals from the trial court's judgment in favor of Staat Construction Company (hereinafter, "Staat"), and Staat cross-appeals. Following a bench trial, neither party believes that the trial court correctly awarded damages arising from a construction project. Staat also filed a motion to dismiss the trial court's judgment for lack of finality which was taken with the case. We deny the motion taken with the case and affirm the trial court's judgment.

### Facts

Daniel L. Jones (hereinafter, "Jones") is the sole owner of an accounting firm. Staat was a client of the accounting firm. Jones decided to build a new office complex to house his firm and lease space to other tenants. After conducting feasibility assessments, Jones began to develop the office complex through DLJ.

DLJ purchased the property for development on December 1, 1997. DLJ secured a loan for $1,681,098.64 for construction of the buildings and site improvements. On February 10, 1998, DLJ executed a contract with Staat for construction on the property with a guaranteed maximum price of $1,600,252.00 pursuant to Exhibit "A" of the contract, which was a series of cost estimates for various phases and subparts of the contract. The abstract planning of the overall site included buildings, parking, utilities, common, areas, and a "white box" finish.[1] Additionally, there was $80,000.00 built into the contract for unforeseen contingencies.

Construction began in February 1998 with Staat performing the work or arranging for and supervising all subcontractors. Jones and Staat met regularly to discuss the progress of the project. During these discussions, there were changes made in the original plans addressing issues which arose as the project proceeded. Some of their discussions included changes in the handling of the storm water run-off and detention, the grading on the site, parking, retaining wall, quality of the brick, use of aluminum soffit, and tenant-finishing issues.

As the project neared completion, Jones's accounting firm and several tenants moved into the building. On December 15, 1998, Staat sent DLJ a letter advising that the project had exceeded the original contract budget and summarized the final invoice. As their disputes became irreconcilable, Jones declined to pay more of the costs, and Staat declined to continue work on the project.

Jones acquired a line of credit in order to pay for the remainder of the work to be completed. Eventually, several unpaid subcontractors filed mechanic's liens against DLJ. This suit was commenced by Flooring Systems, Inc. to enforce its lien, and joined by other subcontractors. The subcontractor liens were adjudicated by

---

**1.** A "white box" finish provides for each tenant space to be finished without interior partitions, unpainted walls, drop ceilings and minimum floor finishing; thus, allowing tenants to design and build the final interior finish to their specifications at their own cost.

summary judgment; thus, only DLJ and Staat's claims remain.

DLJ seeks reimbursement of the mechanic lien judgments. Staat seeks payment for the cost of items it claims were agreed to and not covered by the contract. The trial court heard all of the evidence and issued its comprehensive judgment. DLJ was awarded $148,279.00 for the cost of the foundation plus $20,951.00 from the Sauder Plumbing lien and interest, if there is no appeal. Staat was awarded a total of $154,831.06 for "extras" not listed in Exhibit "A," changes, and its construction manager's fee. This appeal and cross-appeal follow.

### Motion

As a preliminary matter, on the morning of oral argument, Staat filed with this Court a motion to dismiss the appeal for lack of a final judgment. Staat claims that the trial court no longer retains jurisdiction to modify its judgment regarding the Sauder Plumbing lien. The trial court's judgment reads, "Depending on the outcome of the Sauder Plumbing lien appeal, this judgment may be amended accordingly, without affecting any appeal of the issues in this trial." The trial court's judgment entered a specific award as to the Sauder Plumbing lien which should be entered if there was no appeal regarding that lien. Pursuant to 84.14, this Court shall dispose of the case by making the award for the Sauder Plumbing lien final since there is no appeal pending. The motion taken with the case is denied.

### Standard of Review

We will affirm the trial court's award unless there is no substantial evidence to support it, it is against the weight of the

evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Upon review, we accept evidence and inferences that are consistent with the findings of the trial court and disregard all contrary evidence. *Artilla Cove Resort, Inc. v. Hartley,* 72 S.W.3d 291, 293 (Mo.App. S.D. 2002). This Court defers to the trial court's superior ability to assess the credibility of witnesses. *Kassebaum v. Kassebaum,* 42 S.W.3d 685, 692 (Mo.App. E.D. 2001). "In a court-tried case, the judgment is presumptively correct, and the appellant has the burden to demonstrate that the judgement is erroneous." *Roark Printing, Inc. v. Worm World, Inc.,* 974 S.W.2d 613, 616 (Mo.App. S.D.1998).

### Direct Appeal

In its first point on appeal, DLJ claims that the trial court erred in granting judgment on Staat's cross claim for "extras"[2] because Staat had released all claims for work performed prior to September 15, 1998. DLJ believes that all of the "extras" for which Staat recovered were covered by the release of September 15, 1998, and the "extras" were complete at that time. Staat was awarded a judgment on the carport, storm sewers, and stairs.

DLJ states that the work for the "extras" was completed prior to the dated release, and hence, it should not be required to pay any additional amount. "In general, the presumption is that executed releases are valid." *City of Kansas City v. Southwest Tracor Inc.,* 71 S.W.3d 211, 215 (Mo.App. W.D.2002). Upon this Court's review of the September 15, 1998 release, there is no obvious listing for the carport or the stairs. There is a listing for the

---

**2.** "Extras" included items which Staat claims were not covered by the original contract's Exhibit "A."

storm sewer, but the listing is not for the amount which the trial court awarded Staat. After reviewing the exhibits, we note that Staat submitted its final invoice to DLJ on April 30, 1999. In that invoice, Staat listed the amount owed for the storm sewers was $67,542.06, the same amount as the trial court's judgment, and the invoice stated that the sewer detention structure was not complete nor was the final cost included in the balance of the invoice.

■ When applying the standard of review to DLJ's argument, we accept all of the evidence and inferences supporting the judgment and disregard all contrary evidence. *Hartley*, 72 S.W.3d at 293. Trial court specifically found Jones's assertions regarding the changes, increased pricing, and what was included in the contract as being not credible. We defer to the trial court's determinations of credibility. *Kassebaum*, 42 S.W.3d at 692. The trial court had testimony and a plethora of documentary evidence from which to make its detailed award. Hence, we find that DLJ has not overcome its burden to demonstrate that the trial court's judgment is erroneous. Point denied.

■ In its second point on appeal, DLJ alleges the trial court erred in granting judgment on Staat's cross-claim for "extras" because Staat breached the terms of its contract by failing to submit any change orders or timely notice of cost overrun on the guaranteed maximum price of the contract. DLJ claims that since Staat never submitted any written change orders, any changes agreed upon were within the guaranteed maximum price. We disagree.

The trial court found the contract language specifically contemplates that any change to the original plan should be made as a written change order, submitted by the architect, and signed by both DLJ and Staat. The trial court further found that no written change orders were ever executed throughout the course of the construction, and there were numerous changes made from the original contract.

■ DLJ claims that regardless of the course of conduct noted by the trial court, a written change order was required in order for there to be any recovery for the work outside of the original contract terms. DLJ cites only *Robinson v. Powers*, 777 S.W.2d 675 (Mo.App. S.D.1989) to support its proposition that "when a construction contract requires a written change order, there is no right to recover for extra work without such a writing or a waiver thereof by the owner." *Id.* at 680. Yet, waiver of a written change order may be accomplished by either habitual acceptance of work completed upon oral change orders or by presenting evidence that the parties agreed to the changes and the changes were completed. *Brockman v. Soltysiak*, 49 S.W.3d 740, 745 (Mo.App. E.D.2001).

In the instant case, when viewing the evidence in the light most favorable to the verdict, it is clear that there is substantial evidence supporting the argument that the written change order provision had been waived. Staat discussed and obtained approval for the numerous changes from DLJ, payments were credited to work without regard to whether there was a change order in place, and DLJ accepted the work. Point denied.

■ In its last point on appeal, DLJ claims the trial court erred in entering a contingent award of damages to DLJ with respect to the Sauder Plumbing summary judgment because the judgment was not appealed, and the trial court should have awarded the additional amount that was not contingent. As DLJ did not appeal the Sauder Plumbing lien, that award by the trial court is final and may be awarded

as per the trial court's judgment. Rule 84.14.

*Cross–Appeal*

Staat raises two points in its cross-appeal.[3] Staat alleges that the trial court erred in failing to award it compensation as measured by the reasonable value of its work and in failing to order full and complete restitution to it via disgorgement of that sum of money by which DLJ has been unjustly enriched.

We have reviewed Staat's briefs and its record on appeal. The trial court's judgment was supported by substantial evidence, and the judgment was neither against the weight of the evidence nor erroneously declared or applied the law. *Commercial Openings, Inc. v. Mathews,* 819 S.W.2d 347, 349 (Mo. banc 1991). An extended opinion would have no precedential value. We affirm the cross-appeal pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.

---

**3.** Unfortunately, Staat's original counsel passed away during the pendency of this appeal. Staat's new appellate counsel chose not to petition this Court for the opportunity to file new briefs; thus, Staat's argument is confined to the points raised in the original appellate briefs.