Chad CLIPPARD, Plaintiff/Appellant,

v.

Jamie PFEFFERKORN,
Defendant/Respondent.

No. ED 85111.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 31, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 28, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Nathan S. Cohen, Clayton, MO, for appellant.

Travis Lawrence Statler, Cape Girardeau, MO, for respondent.

MARY K. HOFF, Judge.

Chad Clippard (Plaintiff) appeals from the judgment of the trial court ruling in favor of Jamie Pfefferkorn (Defendant) on Plaintiff's petition for the return of personal property and for damages. We affirm the judgment of the trial court.

*Facts*

The facts viewed in the light most favorable to the judgment are as follows: Plaintiff and Defendant dated for approximately four or five months in late 2002. On or about December 23, 2002, Plaintiff proposed marriage to Defendant and presented Defendant with a 2.02 carat diamond engagement ring (ring) valued at approximately $13,500. Defendant accepted Plaintiff's proposal and the engagement ring. A few days later, Defendant gave Plaintiff some Christmas gifts, including a full-length dress coat and a workout suit. In return, Plaintiff gave Defendant compact discs containing music and treated her to a dinner.

During the weeks following Christmas 2002, the couple experienced difficulties in their relationship. On or about February 8, 2003, approximately six weeks after the couple were engaged, Plaintiff terminated the engagement. Plaintiff attributed his decision not to marry Defendant to a belief that Defendant was not the "right" person and to the influence of his brother, sisters, and parents.

In July 2003, Plaintiff filed his petition, which alleged that Plaintiff made a conditional gift of the ring in contemplation of the parties' marriage. Plaintiff requested the trial court to order Defendant to return the ring or, in the alternative, to pay Plaintiff damages in the amount of $13,500, the approximate value of the ring, plus court costs and attorney's fees. Defendant filed an answer to the petition, which generally denied Plaintiff's allegations.

At trial, Plaintiff testified that, although Plaintiff proposed marriage to Defendant only two days prior to Christmas in 2002, the ring was not a Christmas gift but a symbol of the couple's engagement. Plaintiff further testified that during the parties' engagement, there were periods in which the engagement was "off" and Defendant returned the ring to Plaintiff, but, when the parties renewed their engagement, he gave the ring back to Defendant. Plaintiff testified that when the couple finally broke up, he demanded that Defendant return the ring, but she refused. On cross-examination, Plaintiff admitted that he terminated the engagement with Defendant because he "knew [he] didn't want to marry her" and his thoughts on the matter were influenced by his family. Plaintiff also testified that he had an extensive conversation with Defendant about his reasons for terminating the engagement at the time he ended their relationship. However, on redirect examination, Plaintiff testified that the breakup was a mutual decision.

Defendant testified that the ring was a Christmas gift and an engagement ring from Plaintiff. Defendant also testified that she loved Plaintiff and intended to marry him at the time Plaintiff called off their engagement. Defendant further testified that, when Plaintiff terminated their engagement, Plaintiff explained that he

could not go through with the marriage because of "pressure" from his family.

After a bench trial, the trial court ruled in favor of Defendant.[1] This appeal follows.

### Standard of Review

We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Flooring Sys., Inc. v. Staat Const. Co. and DLJ Properties*, 100 S.W.3d 835, 837 (Mo.App. E.D.2003), *citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We do not retry the case but accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party while disregarding all contrary evidence. *In re Marriage of T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). We defer to the trial court's determinations as to the credibility of the witnesses. *Flooring Sys., Inc.*, 100 S.W.3d at 837. The judgment in a court-tried case is presumptively correct; thus, to prevail, the appellant must demonstrate that the judgment is erroneous. *Id.* Because we are primarily concerned with the correctness of the trial court's judgment, not the route the trial court took to reach that judgment, we will affirm the judgment if it is cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or insufficient. *Business Men's Assurance Co. of Am. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999).

In this case, the trial court did not issue findings of fact and conclusions of law; therefore, we will presume all fact issues were found in accordance with the judgment. Rule 73.01(c); *In re Marriage of T.B.G.*, 772 S.W.2d at 654.

### Discussion

In his sole point on appeal, Plaintiff argues that the trial court erred in ruling in favor of Defendant because the ruling was against the weight of the evidence and contrary to Missouri law. Plaintiff specifically argues that the ring was a gift made in contemplation of marriage and was, therefore, a conditional gift. Plaintiff further argues that, because the marriage did not occur, upon the termination of the parties' engagement, Plaintiff was entitled to the return of the ring.

In her brief, Defendant counter argues that she was entitled to retain the ring because the ring constituted either: 1) an inter vivos gift, which was absolute when she received it; or 2) a conditional gift, which became absolute when Plaintiff terminated the engagement.

Under Missouri law, the essential elements of an inter vivos gift are: 1) the donor's present intent to make a gift; 2) the donor's delivery of the property to the donee; and 3) the donee's acceptance of the gift, whose ownership takes effect immediately and absolutely. *Wantuck v. United Savings & Loan Assoc.*, 461 S.W.2d 692, 694 (Mo. banc 1971); *Donnelly v. Donnelly*, 951 S.W.2d 650, 653 (Mo. App. E.D.1997); *Duvall v. Henke*, 749 S.W.2d 714, 716 (Mo.App. E.D.1988); *Estate of Thompson v. Hicks*, 148 S.W.3d 32, 35 (Mo.App. W.D.2004); *Smith v. Smith*, 797 S.W.2d 879, 881 (Mo.App. S.D.1990). The party claiming an inter vivos gift was made must prove all the elements by clear, cogent, and convincing evidence. *Donnelly*, 951 S.W.2d at 653; *Duvall*, 749 S.W.2d at 716; *Chism v. Steffens*, 797 S.W.2d 553,

---

1. According to the record, Defendant requested findings of fact and conclusions of law prior to the start of trial but later withdrew the request.

558 (Mo.App. W.D.1990).[2] Whether an inter vivos gift was made is a question of fact; therefore, we defer to the trial court's determination of the credibility of the witnesses based on its superior position to evaluate their sincerity, character, and other intangibles that were observed at trial but are not apparent from the record. *Estate of Thompson,* 148 S.W.3d at 36.

A completed inter vivos gift cannot be revoked by the donor once the gift is delivered and accepted by the donee. *Donnelly,* 951 S.W.2d at 653; *Franklin v. Moss,* 101 S.W.2d 711, 714 (Mo.1937), *citing Meyer v. Koehring,* 129 Mo. 15, 31 S.W. 449, 451 (1895). On the other hand, it is well settled that, if the donor makes a gift subject to a condition, the donee's failure or refusal to perform the condition or violation of the condition constitutes grounds for revocation of the gift by the donor. *Franklin,* 101 S.W.2d at 714. In other words, the donor retains the right to revoke the gift unless or until the condition is satisfied. *Id.* Missouri courts have held that a gift given in contemplation of marriage is made upon the implied condition that the gift will become absolute when the marriage takes place. *Smith,* 797 S.W.2d at 881; *Lumsden v. Arbaugh,* 207 Mo.App. 561, 227 S.W. 868, 868 (1921). Thus, a gift given in contemplation of marriage, though absolute in form, is a conditional gift and may be revoked by the donor if the marriage engagement is breached by the donee. *Franklin,* 101 S.W.2d at 714; *Lumsden,* 227 S.W. at 868.

In cases concerning gifts made in contemplation of marriage, Missouri courts have utilized a fault-based approach when applying the conditional gift rule to determine which party is entitled to the property. For example, in *Lumsden,* an action in replevin, the plaintiff-donor sought the return of a piano he had given to his former fiancée. *Lumsden,* 227 S.W. at 868. The plaintiff-donor there, like Plaintiff here, alleged that he had made the gift in contemplation of marriage, and, therefore, the gift was not absolute but conditioned upon the marriage taking place. *Id.* The plaintiff-donor further alleged that he was entitled to the piano because his former fiancée broke the engagement. *Id.* The fiancée, however, like Defendant here, claimed that the piano was a Christmas gift and was not conditioned on a pending marriage. *Id.* In affirming the lower court's judgment for the plaintiff-donor and ordering the return of the piano to him, the court of appeals applied the conditional gift rule and adopted the fault-based approach:

> If the piano was given to defendant by plaintiff in contemplation of marriage, and she broke the engagement for no fault of plaintiff, then he can recover.... A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor.... If an intended husband make[s] a present, after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the fact of her promise to marry him, if she break[s] off the marriage, he may recover from her the value of such a present.

---

2. In an action to recover property based on a superior right or title, a defendant who claims the property was a valid inter vivos gift need not affirmatively plead and prove such a gift as long as he asserts a general denial to the plaintiff's petition. *Chism,* 797 S.W.2d at

558. While the burden of evidence concerning the defendant's claim of gift may shift to the defendant, the burden of proof concerning the ownership of the property remains with the plaintiff throughout trial. *Id.*

*Id.* (internal quotations omitted). *See also Jeude v. Eiben*, 338 Mo. 373, 89 S.W.2d 960 (1935) (Supreme Court affirmed lower court's judgment allowing donee to retain gifts from donor where gifts were not conditioned upon marriage in that donee had not accepted marriage proposal from donor in conjunction with gifts); *Catanzaro v. Duzer*, 329 S.W.2d 257 (Mo.App.1959) (court of appeals affirmed trial court's judgment allowing donor to recover value of gifts made to donee in contemplation of marriage where evidence established that donee broke engagement without justification or explanation).

■ In this case, Defendant did not prove all the elements of a valid *inter vivos* gift. At trial, both Plaintiff and Defendant testified that the ring was presented by Plaintiff to Defendant in combination with a marriage proposal. Although Defendant also testified that the ring was a Christmas gift from Plaintiff, she admitted that the ring was, in fact, an engagement ring. Clearly, the evidence in the record established that the ring was a conditional gift made in contemplation of the parties' marriage and not merely a Christmas gift.

■ However, under Missouri's fault-based approach to determining a party's rights to gifts made in contemplation of marriage, we find that the trial court properly ruled in favor of Defendant by allowing her to retain the ring. As the donor of the conditional gift in contemplation of marriage, Plaintiff would have been entitled to the return of the ring if the engagement had been terminated by Defendant for no fault of Plaintiff. *Lumsden*, 227 S.W. at 868. Logically, the reverse also applies: as donee of the conditional gift in contemplation of marriage, Defendant was entitled to retain the ring because the engagement was terminated by Plaintiff for no fault of Defendant. The record reveals that, at trial, Plaintiff testified he no longer wished to marry Defendant because he thought she was not the "right" person. Both Plaintiff and Defendant testified that Plaintiff terminated the relationship due to the influence of Plaintiff's family. Although Plaintiff also testified that the parties' breakup was mutual, we defer to the trial court's superior position to determine the sincerity and credibility of the witnesses. *Flooring Sys., Inc.*, 100 S.W.3d at 837. Point denied.

We also note that Defendant was entitled to retain the ring because, by terminating the engagement, Plaintiff breached his promise to marry Defendant. Plaintiff's proposal of marriage and giving of the ring and Defendant's acceptance of the ring and proposal was symbolic of their agreement to an exclusive relationship and intention to marry. If Plaintiff had not breached his promise to marry Defendant and the marriage had taken place, there is no question that Defendant would have been entitled to retain the ring as her own non-marital property. *Smith*, 797 S.W.2d at 881.

Accordingly, we hold that, in light of our standard of review and Missouri's fault-based approach to the recovery of or retaining of conditional gifts made in contemplation of marriage, Defendant is entitled to retain the ring. The judgment of the trial court is affirmed.

Judge LAWRENCE E. MOONEY, Presiding Judge, and LAWRENCE G. CRAHAN, Judge, concur.