C. B. SWEET, Respondent, v. JOHN W. BUNN, Appellant.

Kansas City Court of Appeals, April 2, 1917.

INSTRUCTIONS: Automobiles: Additional Instructions: Abandoned: Issues: Submission to Jury. Where the issue of last chance doctrine is made by the pleading and evidence, and the plaintiff abandons, or ignores, his right to have an instruction on that issue, and argues and submits the case to the jury without instructions except the measure of damages, he cannot convict the trial court of error in refusing an instruction on such issue after the jury has had the case under consideration.

Appeal from Jackson Circuit Court.—*Hon. Thos. B. Buckner*, Judge.

REVERSED AND REMANDED (*with directions*).

*Harding, Murphy & Harris* for appellant.

*Hadley, Cooper, Neel & Wright* for respondent.

ELLISON, P. J.—This action was begun before a justice of the peace. It arose from a collision between two automobiles. Each party claims the other was at fault, and each claims damages; defendant by way of counterclaim. On appeal to the circuit court the verdict was for defendant on the merits and against him on his counterclaim. On plaintiff's motion the court granted a new trial and defendant has appealed from that order.

Plaintiff's statement filed with the justice is broad enough to include a claim of right to recover on the last chance doctrine. But when it came to submitting the case to the jury, he did not ask an instruction submitting that issue. In fact he did not ask any instruction save one on the measure of damages.

After the jury had deliberated for some time they returned into court and made the following written inquiry. "In case the jury find both parties equally guilty of negligence in causing the accident, can we so find and in what form?" Thereupon the court gave an instruction on form of verdict, that "If the jury find plaintiff is not entitled to recover under other instructions given, your verdict may be in the following form: We the jury find the issues for the defendant and against the plaintiff. And if you also find defendant is not entitled to recover on his counterclaim under the instructions, your verdict may be in the following form: We the jury find the issues on defendant's counterclaim in favor of plaintiff and against defendant." Thereupon the plaintiff requested also an instruction submitting his case on the last chance doctrine and that the court refused. The jury, after deliberating further, then returned the verdict against both parties, as we have already stated. The court gave as a reason for granting plaintiff a new trial that it committed error in not giving the instruction last mentioned.

There was evidence at the trial which we think was sufficient to have justified the court in giving this

instruction on the last chance doctrine, if plaintiff had asked it at the proper time, and the question has arisen whether error can be based on its refusal after the case has been argued and submitted to the jury, the plaintiff either abandoning or ignoring such theory at the time the case was submitted.

It seems that a trial court not only may give further instructions to a jury after the case has been submitted and deliberated upon, but that it is its duty to do so in a proper case. That is to say, other things being right—there being no valid objection to that course, the fact *alone* that the case has been under consideration by the jury does not deny to a party the right to further instruction, nor absolve the court from a duty to give further instruction. [Wilmot v. Corrigan St. Ry., 106 Mo. 535, 547; State v. Raven, 115 Mo. 419, 424.]

But in this instance plaintiff elected to submit his case without invoking the last chance doctrine by way of instruction. As we have said, the only instruction he asked was on the measure of damages, and though he did not waive his right to receive a verdict on that theory, yet did he not waive his right to an instruction on it, after arguing and submitting the case, and can he base error on the court's refusal to give such instruction at such unusual time? Nothing new had arisen or occurred. It is true the jury returned into court and made the inquiry above set out, but that only showed a state of mind, considering the issues in the case, that any one should have anticipated. He had tendered such issue in his pleading and there was evidence tending to sustain it, yet he knowingly abandoned, or ignored, it, and only when he sees where it would be to his advantage does he make the extraordinary claim. To allow such practice would set an unwise and dangerous precedent.

It seems to be the clear and unmistakable inference from the ruling of the Supreme Court that such practice should not be tolerated. It has been frequently stated that if there are several issues tendered by a

party as debatable matters of fact, and such party fails or refuses to submit some of them to the jury, he thereby abandons such issues. That is the expression of the courts. [Powell v. Railroad, 255 Mo. 420, 454-456; Johnson v. R. R., 259 Mo. 534, 551; Morgan v. Mulhall, 214 Mo. 451, 463; Coleman v. Drain, 116 Mo. 387, 394; Leabo v. Goode, 67 Mo. 126, 134.] In Keele v. Railroad, 258 Mo. 62, the first syllabus reads that "although the petition in the negligence case counted on defendant's failure to sound the whistle, as the statute required, yet if plaintiff's instruction did not put that issue to the jury, it fell out of the case, and must be considered abandoned."

The fact that the trial court, after the verdict was rendered, granted a new trial for the reason that it thought it should have given that instruction does not affect the question. The statute (Sec. 1987, R. S. 1909) requires instructions to be asked and passed upon before the case is submitted to the jury, and while, as above stated, instructions may be given after submission, yet that does not mean that a party may knowingly and intentionally fail to ask an instruction as an issue and then make a ground of error out of the court's refusal to instruct after the jury has entered upon a consideration of the case. It seems to us that that would be trifling with the court. The instance, as it transpired, is not different than if a party should submit his case without instructions (as is sometimes done); would he, in such case, be allowed to complain of error and seek a new trial against his adversary, because the court refused afterwards to give him a number of instructions on the different phases of his case? Suppose defendant at close of plaintiff's case should refuse to introduce evidence in his own behalf and elect to go to the jury on plaintiff's evidence; and that after the jury had the case under consideration, he should then ask to introduce evidence and the court would refuse him— could he make error out of that justifying a new trial, thereby, of his own fault, compelling the plaintiff to the harassment and the hazard of another contest?

504    195 MISSOURI APPEAL REPORTS.

School Dist. No. 14 v. School Dist. No. 27.

This is not a case where the court gave an instruction after it was submitted to the jury, where something appealed to the court's discretion to give it out of the ordinary and regular time. But it is a case where an instruction was refused because no reason appeared for its not having been asked at the proper time—where the party of his own will, chose not to ask it. We think it an injustice to the opposite party to be put to the annoyance and expense of another trial by the court allowing error to be made out of a situation that the complaining party himself purposely brought about.

There being sufficient evidence in the cause and sufficient reasonable inference and circumstances to be drawn therefrom to justify the finding of the jury, we will reverse the judgment and remand the cause with directions to set aside the order for new trial, to reinstate the verdict and enter judgment against plaintiff and for defendant. The other judges concur in the result.