## HUGH LUMSDEN, Respondent, v. SYLVIA ARBAUGH, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **GIFTS: Breach of Engagement Entitles Donor to Return of Gift in Contemplation of Marriage.** Where plaintiff gave to defendant, while they were engaged to be married and in contemplation of the marriage, a piano, and she thereafter broke the engagement for no fault of plaintiff, he is entitled to recover the piano, since the gift, though absolute in form, was conditional on the marriage.

2. **TRIAL: Requested Instruction Held to Ignore Plaintiff's Case.** In replevin to recover a piano given by plaintiff to defendant, which plaintiff claimed was given in contemplation of marriage, where the court had instructed the jury on plaintiff's theory of the case, it was proper to modify an instruction requested by defendant that, if plaintiff gave the piano to defendant, the verdict should be for her, by inserting the phrase "but not in contemplation of marriage with her," since the instruction before its modification ignored plaintiff's case.

3. **————: Court can Modify Erroneous Instruction During Argument.** The court can modify an erroneous instruction given at request of defendant after plaintiff had concluded his opening argument and defendants counsel had begun his argument, in the course of which he stated that the instruction eliminated plaintiff's theory from the case.

4. **————: Court's Remarks on Modifying Instruction Held not Erroneous.** Where defendant's counsel in his argument claimed that an instruction given at his request eliminated plaintiff's theory of the case, it was not error for the court, in modifying the instruction to make it correct, to remark in the presence of the jury that it was not intended to eliminate that theory, which in substance only repeated the modification inserted in the instruction.

Appeal from Scott County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

R. E. *Bailey* for appellant.

(1) An instruction is erroneous which singles out facts in the case, and gives improper prominence and significance to them. State v. Shaffer, 253 Mo. 320, 161 S. W. 805; Zander v. Transit Co., 206 Mo. 445, 103 S. W. 1006; Tibbe v. Kamp, 154 Mo. 545, 54 S. W. 879; Liese v. Meyer, 143 Mo. 547, 45 S. W. 282; Landrum v. Railroad, 132 Mo. App. 717, 112 S. W. 1000; Musser v. Adler, 86 Mo. 445; Jones v. Jones, 57 Mo. 138; Rose v. Spies, 44 Mo. 20; Fine v. St. Louis Public Schools, 39 Mo. 59, l. c. 67-68. (2) Prejudicial remarks of the court in the presence of the jury, or oral instructions, or remarks equivalent to oral instructions, virtually withdrawing from the jury an instruction previously and properly given, constitute reversible error. Sec. 1987, R. S. 1909; State ex rel. v. Rubber Co., 149 Mo. 181, 50 S. W. 321; State v. De Mosse, 98 Mo. 340, 11 S. W. 731; Thompson v. Ish, 99 Mo. 160, 12 S. W. 510; Bailey v. Ormsby, 3 Mo. 580; Cape Girardeau v. Fisher, 61 Mo. App. 509; Skinner v. Stifil, 55 Mo. App. 9.

*Gresham & Blanton* for respondent.

(1) A gift made in contemplation of marriage can be recovered by the donor upon breach of promise of marriage by other party without cause. 20 Cyc., p. 1213, section 4 and note 91, p. 1214; 14 Am. and Eng. Encycl. Law, p. 1045; Humble v. Gay, 143 Pac. 778, 168 Calif. 516; Burke v. Nutter, 79 W. Va. 746, 91 S. E. 812; 12 R. C. L., p. 951, section 26; Robinson v. Cummings (English), 2 Atkyns, 409; Williamson v. Johnson, 62 Vermont, 378, 20 Atl. 279; 9 L. R. A. 277; 22 Am. St. Rep. 117; Halbert v. Halbert, 21 Mo. 277. (2) A gift ob-

tained by fraudulently holding out to donor that donee might marry him, when as a matter of fact she never intended to marry him, can be recovered. Burke v. Nutter, 79 W. Va. 746, 91 S. E. 812; Robinson v. Cummings, 2 Atkyns, 409. (3) Instruction given on behalf of defendant purporting to cover entire case is erroneous if inconsistent with those correctly given for plaintiff; of if it ignores plaintiff's theory of the lawsuit. Avers v. Shumaker, 57 Mo. App. 454; Flucks v. Railway, 143 Mo. App. 17, 122 S. W. 348; Daso v. Jefferson City Co., 189 S. W. 400 (not officially reported); Stepham v. C. B. & Q. Ry., 199 S. W. 273 (not officially reported); Bennett v. Railway, 180 S. W. 1050 (not officially reported); Fitzgerald v. Hayward, 50 Mo. 516; Longmare v. Busby, 56 Mo. 540. (4) Instruction assuming to cover entire case but which ignores some issues is not cured by being read in connection with other instructions. Pearson v. Lafferty, 197 Mo. App. 123, 193 S. W. 40; Hall v. Coal Co., 260 Mo. 369, 168 S. W. 927; Walker v. White, 192 Mo. App. 13, 178 S. W. 254; Riffe v. Wabash Railway, 200 Mo. App. 397, 207 S. W. 78; Atkins v. Brown, 208 S. W. 502 (not officially reported).

BRADLEY, J.—Plaintiff proceeded in replevin in a justice of the peace court to recover a piano. The cause found its way to the circuit court and was there tried to a jury, and plaintiff prevailed, and defendant appealed.

The defense is that the piano was an unconditional gift, while plaintiff contends that the piano was given in contemplation of marriage, and that defendant broke the engagement, and that he, plaintiff, is entitled in law to the return of the property so given. Plaintiff testified to the engagement and the breaking thereof by defendant, and to the gift of the piano, and stated in effect that it was given to defendant in contemplation of their marriage, and not as an absolute and unconditional gift. In addition plaintiff offered evidence tending to support his evidence that an engagement of marriage existed. Defendant denied the engagement and offered evidence

tending to support her. She testified in effect that the piano was a Christmas gift from plaintiff, and was not conditioned directly or indirectly on any contemplated marriage. If the piano was given to defendant by plaintiff in contemplation of marriage, and she broke the engagement for no fault of plaintiff, then he can recover. We find no case in our State directly bearing on this class of gifts. In 14 A. & E. Encycl. of L., 1045, we find this statement of the law on gifts made in contemplation of marriage; "A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor. But if the gifts are made simply for the purpose of introducing the donor to the donee's acquaintance, and to gain her favor, the property is not recoverable although marriage does not ensue." In support this text cites Williamson v. Johnson, 62 Vt. 378, 20 Atl. 279, 9 L. R. A. 277, 22 Am. St. Rep. 117, and some old English Chancery cases. Burke v. Nutter, 79 W. Va. 746, 91 S. E. 812, was to recover for money advanced as a gift or a loan made in contemplation of marriage. The court there quoted with approval the rule as laid down by Thornton on Gifts and Advancements as follows: "If an intended husband make a present, after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the fact of her promise to marry him, if she break off the marriage, he may recover from her the value of such present." In 12 R. C. L., p. 951, section 25, it is said: "Where a woman receives money from a man for the purpose of carrying out her promise to marry him, and then refused to keep her promise, without cause, she may be compelled to refund such money." [See, also, Humble v. Gay, 168 Calif. 516, 143 Pac. 778.]

Defendant makes complaint that the trial court erroneously modified her instruction. Plaintiff's instructions mentioned three classes of gifts, a gift in contempla-

tion of marriage, a gift fraudulently, induced, and the requirements of an unconditional gift. Defendant's modified instruction, the modification in italics is as follows: "The court instructs the jury that if you find and believe from the evidence that the plaintiff delivered the piano in controversy to defendant and gave it to her as a gift, *but not in contemplation of a marriage with her*, as defined under other instructions of the Court, then your verdict will be for the defendant, and if you do so. find that the piano was a gift from plaintiff to defendant, it is immaterial whether the plaintiff and defendant were engaged to be married at that or any other time." There is no merit in this assignment. This instruction unmodified was practically a direction to find for defendant. Plaintiff did not deny that he gave the piano to defendant, but he contended that he did so in contemplation of marriage. Unmodified the instruction was in direct conflict with instructions given for plaintiff, and wholly ignored plaintiff's case, and the modification was proper. [Daso v. Bridge Co., 189 S. W. (Mo. App.) 400.]

Defendant also assigns as error certain remarks of the court. The modification of defendant's instruction mentioned above did not occur until plaintiff's counsel had made the opening argument, and while defendant's counsel was arguing the cause to the jury. The record pertaining to this assignment discloses the following: "Mr. Bailey: Comes now the defendant and objects and excepts to the modification of instruction No. 1 by the Court, after the argument of the defendant had begun, by inserting in the instruction the words 'but not in contemplation of a marriage with her,' and to the comment of the Court to the jury that this instruction is not meant to apply in the event there was a contemplation of marriage between the plaintiff and defendant, in the presence and hearing of the jury. By the Court: Let the record show that counsel for defendant argued and stated to the jury that the instruction wiped the marriage proposition out of this law suit, whereupon the court

modified the instruction by interlining the words the Court has put in, and the Court's remarks were made to counsel and not to the jury. Mr. Bailey: I offer the further objection that the remarks made at that time to the counsel were made so the jury could hear, and I further object to the remarks just put into the record being made in the hearing and presence of the jury, and asked that the jury be discharged, submission of the case set aside and the cause continued for that reason. By the Court: All right, overruled, Mr. Bailey: I except.''

We have already held that it was proper to modify the instruction, and it was proper also to make the modification at the time it was made, although plaintiff had made her opening argument and defendant had commenced his argument. [Sweet v. Bunn, 195 Mo. App. l. c. 502, 193 S. W. 897; Wilmott v. Railroad, 106 Mo. 535, 17 S. W. 490.] In Water Works Co. v. Joplin, 177 Mo. l. c. 531, 76 S. W. 960, it is held that additional instructions may be given in open court, even after the case had been fully argued. But defendant does not complain so much as to when the modification was made as to the remarks of the court in connection therewith. The remarks of the court with the fact that the modification was made after the defendant had commenced her argument, defendant contends, was error. According to the record defendant's counsel had stated in his argument that ''the instruction,'' meaning the instruction unmodified, ''wiped the marriage proposition out of this law suit,'' and that thereupon the court remarked that the instruction was not meant to apply in the event that there was a contemplated marriage between plaintiff and defendant. This remark was no more in effect than the modification. This remark was not addressed to the jury as an oral instruction, and was merely the court's manner of calling counsel's attention to the fact that the instruction as given was erroneous. If the court's remarks had gone further and embodied more than the modification meant then there might be some merit in this assignment, but we discover none as it appears. A party has

the lawful right to try his case free from the wrongful and prejudical remarks of the court, both during the introduction evidence and argument, but this record discloses no such condition. A trial court should not, however, discuss instructions in the presence of the jury. It would not be difficult to transgress a litigant's lawful rights in this respect. The judgment below should be affirmed, and it is so ordered. *Farrington, J.* concurs., *Cox, P. J.*, not sitting.