OPINION OF THE COURT
Walter Schackman, J.
Plaintiff Susan Lipton and defendant Charles Lipton were engaged to be married in December 1983. As a symbol of the parties’ intentions and implied promises to marry, the defendant gave an engagement ring to the plaintiff at that time, and the parties were married in August 1984. In this action for divorce, the court must determine whether the engagement ring is marital or separate property and thus whether it should be included in the property to be distributed pursuant to the Equitable Distribution Law.*
An engagement ring is a gift to which a condition subse *1077 quent, the fulfillment of the marriage agreement, is attached. (Wilson v Riggs, 243 App Div 33, affd 267 NY 570.) Both parties agree that the condition occurred, but they disagree as to the time of the vesting of the gift. The defendant argues that since the condition was fulfilled upon their marriage, vesting occurred on the wedding day and therefore the property is marital property. However, it is well settled that although a gift made in contemplation of marriage is conditional, it is absolute in form when given. (Wilson v Riggs, supra; Beck v Cohen, 237 App Div 729.) The mere fact that a gift absolute in form may be defeated on the happening of a certain event does not invalidate the gift. (38 CJS, Gifts, § 37; Lowe v Quinn, 27 NY2d 397; Cohen v Bayside Fed. Sav. & Loan Assn., 62 Misc 2d 738.) Thus, it was absolute in form on the day it was given.
All the elements of an inter vivos gift were satisfied. (See, Matter of Szabo, 10 NY2d 94, 98.) The ring was delivered and accepted. Whether in a given instance the gift is conditional or absolute is an ordinary question of intention to be determined by an express declaration in the making of the gift or from the circumstances. (38 CJS, Gifts, § 61.) The facts and circumstances herein demonstrate that defendant had the requisite donative intent. The question of the conditional nature of the gift became moot upon the marriage when the ring unconditionally became the property of the plaintiff.
Therefore, the ring given prior to the marriage retains its character as separate property not subject to equitable distribution.

 The court is aware of a recent decision by Justice Zitler (Addeo v Addeo, NYLJ, July 15, 1986, at 12, col 6 [Sup Ct, Kings County]). While the court agrees with the result, it is of the opinion that the issue of whether an engagement ring should be marital property upon dissolution of the marriage is particularly amenable to analysis on traditional principles of property law.