This is a divorce case.
Billy Wayne Cox (husband) and Vivian W. Cox (wife) were married on April 20, 1979 and separated in November 1986. The wife filed for divorce on August 14, 1987 and was granted a divorce on December 21, 1987 by the Houston County Circuit Court. The husband appeals. We reverse.
The parties were separated in November 1986 after seven years of marriage. There were no children born of the marriage, although both husband and wife had children from previous marriages. The husband has been employed continuously during the marriage as a truck driver and forklift operator for a supply company. The wife has had several jobs during the marriage and at the time of the hearing was employed as a parttime seasonal employee. The wife's health problems, consisting of a kidney transplant and three cancer surgeries, preclude her from working full time. The wife is thirty-four years old and the husband is forty-three years old.
The wife testified that the breakdown of the marriage was caused by the husband's alleged drinking problem. The husband agreed that his drinking could be a reason, but also asserted that another cause was the wife's alleged infidelity. At the time of the hearing the wife was residing at the home of a male friend and the husband was residing in his recently deceased mother's home of which he had inherited a one-third interest.
The testimony revealed that the assets of the parties consisted of a mobile home trailer, an automobile, and the furnishings of the trailer. The debts of the parties consisted of a $1,751.13 phone bill, payments on the trailer and the automobile, a cemetery plot payment, and a bank loan due to be paid in full within a year. The parties did not have any equity in either the car or the trailer, both being worth less than was owed. The husband's income is $210 per week. The wife's parttime seasonal income was approximately $100 per week.
The trial court divided the marital property and awarded the husband the trailer, a king-sized bed, and some personal items. The wife was awarded the automobile and the furnishings of the trailer. She was *Page 1233 
also awarded $4,000 alimony in gross. The wife was ordered to pay the debt on the automobile. The husband was ordered to pay all the other debts of the marriage. The judgment specifically denied the wife any right or interest in the husband's inherited property, stating: "The plaintiff shall have no right, title or interest in the Defendant's inheritance from his mother except as shall be necessary for the enforcement of the terms of this decree."
The husband contends on appeal that the court erred in awarding the wife $4,000 alimony in gross in that the effect of such award provides the wife with an interest in the husband's inherited property in violation of sections 30-2-51 and -52, Code 1975. We agree.
The marital estate of the parties consisted of one automobile, one mobile home trailer, and personal items including the furnishings of the mobile home trailer. The parties did not have equity in either the mobile home trailer or the automobile. The trial court divided the assets, awarding the automobile and the furnishings to the wife with the exception of a king-sized bed awarded to the husband, who was awarded the mobile home trailer. At the time of the separation these were the only assets of the parties' marital estate. In addition to the division of assets, the trial court ordered the husband to pay all the debts of the marriage except the payments on the automobile. The wife was also awarded $4,000 alimony in gross. The husband contends that, since there were no assets from which the alimony could be paid, he would be forced to encumber the inherited estate, the result of which would be in direct contravention of section 30-2-51, Code 1975. Further, the trial court appears to recognize that the only viable asset of husband was his inheritance because the court, in its decree, stated that the use of the inheritance might be "necessary for the enforcement of the terms of this decree."
In the instant case the husband inherited a one-third interest in the property of his deceased mother. The husband's mother died after the separation. There was no testimony that the mother's property was ever used by the parties or used for the common benefit of the marriage.
In Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), the supreme court held that:
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce. Borton v. Borton, supra. On the other hand, `periodic alimony' is an allowance for the future support of the wife payable from the current earnings of the husband. Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968)."
As noted above, the only asset of the husband from which alimony in gross could be paid is the interest in the property he inherited from his mother. This asset cannot be used to satisfy the award of alimony in gross. § 30-2-51, Code 1975.See Marsh v. Marsh, 496 So.2d 71 (Ala.Civ.App. 1986).
Basically, the issue is whether the trial court may award alimony in gross when the evidence reveals that the husband's only asset is a one-third interest, by inheritance, in real estate owned by his mother prior to her recent demise. We conclude, in accordance with sections 30-2-51 and -52, Code 1975, that the reasonable value of his inherited property which, we note, has not been used for the common benefit of the parties during their marriage, may not be used in the determination of alimony in gross. Otherwise, we would be saying that the trial court can do indirectly what it cannot do directly. We do not believe we are allowed to so hold. This aspect of the trial court's decree is reversed.
Husband also contends that the wife has forfeited a right to alimony in gross by openly cohabiting with a member of the opposite sex, pursuant to section 30-2-55, Code 1975. Alimony in gross is not subject to the provisions of this statute.Cheek v. Cheek, 500 So.2d 17 (Ala.Civ.App. 1986). Thus, we find no merit in this argument. *Page 1234 
The cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, J., concurs.
HOLMES, J., dissents.