679 So.2d 1104 (1996)
Jesse F. FORD, Sr.
v.
Jean S. STINSON.
2941239.
Court of Civil Appeals of Alabama.
February 23, 1996.
Order Dismissing Rehearing Application April 12, 1996.
Certiorari Denied June 21, 1996.
E.J. Sadd and Jack B. Hood of Crosby, Saad, Beebe, Crump & Hood, P.C., Mobile, for appellant.
Herndon Inge III, Mobile, for appellee.
Alabama Supreme Court 1951198.
RICHARD L. HOLMES, Retired Appellate Judge.
In August 1994 AmSouth Bank of Alabama (AmSouth) filed a complaint, seeking a declaratory judgment and interpleader and injunctive relief. The complaint also named Jesse F. Ford, Sr., and Jean S. Stinson as defendants. The essence of the complaint was that both Ford and Stinson claimed an interest in $100,000.
The trial court entered a temporary restraining order against Ford and Stinson. Subsequently, AmSouth deposited the $100,000 with the court and the court dismissed AmSouth as a party in this matter.
Stinson filed a cross-claim against Ford, seeking exclusive ownership of the $100,000. Ford answered Stinson's cross-claim and filed a cross-claim against Stinson, seeking exclusive ownership of the $100,000. Stinson answered Ford's cross-claim.
After a non-jury trial, the parties filed post-trial briefs. The trial court issued an order, finding in favor of Stinson.
*1105 Ford appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal, Ford contends that the trial court committed reversible error when it determined that Stinson had met her burden of proof by establishing all of the requisite requirements for an effective inter vivos gift, and when it determined that there was insufficient evidence to show that the gift to Stinson was the result of undue influence.
As the trial court noted in its order, Stinson had the burden of proving by clear and convincing evidence that Ford gave the $100,000 certificate of deposit to her as an inter vivos gift. Dial v. Dial, 603 So.2d 1020 (Ala.1992). In order to meet this burden, Stinson must prove the following: (1) donative intent on the part of Ford, (2) effective delivery to Stinson, the donee, and (3) acceptance by Stinson. Dial, 603 So.2d 1020.
Our review of the record reveals the following pertinent facts: Ford is Stinson's father. In 1985 Ford's only son died in an automobile accident. Ford's wife had died only a few weeks before the son's death, and Ford began to "drink" heavily after these losses.
Stinson attempted to care for Ford during this period by cooking and cleaning for him, and periodically, she would bring him to her home to care for him.
In 1988 Ford received the proceeds from a settlement of the wrongful death action filed after his son's death. The net proceeds from the wrongful death action were $280,000.
Stinson testified that Ford said that he wanted to give her $100,000 as a gift and that he wanted to know if she wanted it placed in a savings account as he had done for her sister Marlene. Stinson indicated that she wanted the money placed in a certificate of deposit.
On June 23, 1988, Ford and Stinson went to the bank to sign the documents for the certificate of deposit. Stinson testified that Ford had already made all the arrangements for the certificate of deposit before they went to the bank to sign the documents.
The certificate of deposit was listed in the names of "Jean Sharon Stinson or Jesse L. Ford, Sr." The mailing address on the account was Stinson's address, and she received all but one of the monthly interest checks from June 1988 through August 1994. Stinson's Social Security number was listed on the account, and she paid the taxes on the interest income. The certificate of deposit was renewed in June 1992, with everything remaining the same.
Stinson testified that Ford repeatedly told her that the $100,000 was hers to do with as she wanted. Ford testified that he never told Stinson that the $100,000 was hers and that he never intended to make a gift of the $100,000. However, we would note that Ford admitted that he placed money for Marlene in a savings account, that the money he gave to Marlene is now gone, and that he never got any of the money out of Marlene's account.
Ford had possession of the actual certificate of deposit until its renewal in 1992, and then Stinson obtained possession of the actual certificate of deposit. In fact, Stinson had possession of the actual certificate of deposit at the trial.
Ford moved from Mobile to Pensacola to live with Marlene in approximately 1992. In approximately 1993, Ford came to Mobile and requested that Stinson accompany him to the bank to withdraw the money in the certificate of deposit because he wanted the money.
Stinson testified that she told Ford that the certificate of deposit did not mature until August 24, 1994, and that if it were withdrawn before then, interest would be lost. Stinson stated that she did not go to the bank with Ford and that he never mentioned the certificate of deposit to her again.
On August 23, 1994, Stinson renewed the certificate of deposit. On August 24, 1994, Ford cashed in the certificate of deposit and received a cashier's check in the amount of $100,000, which he placed in his AmSouth checking account in Pensacola.
In light of the above, there was evidence to support the trial court's finding that Ford intended to give the money to Stinson, that *1106 he made arrangements to establish a certificate of deposit for Stinson, as requested, and that Stinson accepted the gift. It was after the gift was complete that Ford changed his mind and decided that he wanted the money back. If any conflict in the evidence existed, it was the trial court's duty to resolve such conflict and enter a judgment, which it did. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ. App.1991).
Additionally, there is no evidence in the record to support Ford's contention that Stinson exerted undue influence over him.
The judgment of the trial court is due to be affirmed.
Stinson requests attorney fees, pursuant to Rule 38, Ala.R.App.P. This request is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.

On Application for Rehearing
RICHARD L. HOLMES, Retired Appellate Judge.
The application for rehearing is due to be dismissed on the authority of Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978); and De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130 (Ala.Ct.App.1948).
APPLICATION DISMISSED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.