CRAWLEY, Judge,
dissenting.
I must respectfully dissent. The trial court’s original judgment in this case required the wife to either return her wedding ring to the husband or to reimburse the husband the entire $4,700 purchase price of the ring. In response to the wife’s motion to alter or amend the judgment, the trial court amended its judgment and, instead of awarding the husband the ring or its purchase price, awarded the husband $4,700 as a “property settlement.” The wife appeals, arguing that the wedding ring was a gift, and as such, cannot be used to satisfy the award, which she contends is an improper division of property. See Cox v. Cox, 531 So.2d 1232, 1233 (Ala.Civ.App.1988).
The issue is whether the ring is a gift or is marital property is the focus of this case. From my review of the record, it appears that the parties had no marital property. The only testimony concerning any property other than the ring comes primarily from the husband, who indicated that two automobiles and several items of furniture were owned by the wife prior to the marriage. Neither the husband nor the wife testified that these items were “used regularly for the common benefit of the parties during their marriage.” Ala.Code 1975, § 30-2-51. Therefore, those items are not marital property; the trial court recognized that fact because none of the items owned by the wife are referred to in or disposed of by the divorce judgment.
Before a trial court can divide property in a divorce -judgment, the parties must have marital property. Therefore, the characterization of the ring in this case is indeed relevant and, in fact, is pivotal. If the ring is marital property, then the trial court’s award can be affirmed. If, however, the ring is the wife’s separate property, the wife is correct in arguing that it cannot be used to satisfy the award. Cox, 531 So.2d at 1233; § 30-2-51.
Although Alabama has yet to address whether a wedding ring is considered to be the spouse’s separate property or is considered to be marital property, other states have considered the issue.[1] See Smith v. Smith, 797 S.W.2d 879 (Mo.App.1990); Winer v. Winer, 241 N.J.Super. 510, 575 A.2d 518 (App.Div. 1990); Lipton v. Lipton, 134 Misc.2d 1076, 514 N.Y.S.2d 158 (Sup.Ct.1986); Semasek v. Semasek, 509 Pa. 282, 502 A.2d 109 (1985); Guggenmos v. Guggenmos, 218 Neb. 746, 359 N.W.2d 87 (1984). The majority of other courts have held that an engagement ring, although a conditional gift when first presented to the wife in contemplation of marriage, is an absolute gift when given to the wife and is separate property not subject to division in a divorce. Lipton, 134 Misc.2d at 1077, 514 N.Y.S.2d at 159-160; Winer, 241 N.J.Super. at 528, 575 A.2d at 528; Smith, 797 S.W.2d at 881. In Lipton, to determine that the ring was indeed a gift to the wife, the court considered whether the elements of an inter vivos gift were satisfied. Lipton, 514 N.Y.S.2d at 159.
*514 Under Alabama law, to establish that the ring was a gift, the wife has the burden of proving by clear and convincing evidence that the husband intended the ring to be an inter vivos gift to her. Ford v. Stinson, 679 So.2d 1104, 1105 (Ala.Civ.App.1996). To satisfy her burden, she would have to prove (1) donative intent on the part of her husband, (2) an effective delivery of the ring to her, and (3) her acceptance of the ring. Ford, 679 So.2d at 1105. I believe that the wife met this burden and that the ring was a gift.
The wife testified that she and her future husband had gone to a jeweler in search of a ring because “[h]e said he wanted to give me a ring.” The wife further testified that they selected a stone at the jewelry store and that the store mounted the stone in a setting she selected. The wife also testified that when the ring was ready she went to pick it up because the husband was back at work in Illinois. According to the wife’s testimony, the husband proposed to her again when she called him to let him know she had picked up the ring and said to her that “he just wished he could be there to put it on my hand.”
The husband testified that he purchased the $4,700 ring for his wife because “I was willing to get her what she wanted if she was going to be my wife.” He testified that the wife told him, before the marriage, that “if it didn’t work out ... she would give the ring back.” He also testified that he did not answer the wife when she made that statement because he “assumed that once we got married we would be married and that would be it.”
The evidence clearly demonstrates that the husband intended to make a gift of the ring to the wife, that the ring was delivered to her, and that she accepted the ring. Her statement regarding a return of the ring “if it didn’t work out” does not affect the status of the ring as a gift because a completed gift is irrevocable. Patterson v. Leonard, 240 Ala. 652, 200 So. 759 (1941); see also Lipton, 134 Misc.2d at 1077, 514 N.Y.S.2d at 159-60. Because the ring is property acquired by gift, and because the husband did not (and arguably cannot) contend that the ring was used for, the benefit of the parties during the marriage, the ring is not marital property, see § 30-2-51, and it cannot be used to satisfy the trial court’s award, of $4,700 to the husband. See Cox, 531 So.2d at 1233. In addition, because the parties had no marital property, the trial court had no property to divide. Therefore, I would reverse the trial court’s property division in this case.

. Another reason I dissent from the majority’s affirmance without an opinion is that this issue is one of first impression in this state. To affirm the judgment of a trial court without opinion, this court must first determine ”[t]hat an opinion in the case would serve no precedential purpose.” Rule 53, Ala.R.App.P. According to the court comment to Rule 53, the no-opinion rule is intended to allow for a "no opinion” affirmance in a situation where the case
“does not call for the court to establish a new principle of law; to construe a provision of a constitution, statute, ordinance, or court rule; to alter or modify an existing principle of law or to extend it to a new factual context; to reaffirm a principle not applied in a recently reported-opinion; to decide an issue of general or continuing public interest; or to resolve a conflict or apparent conflict of authority.”
(Emphasis added). A determination that the wife’s wedding ring is marital property creates a new principle of law, and an opinion stating that principle would clearly serve a precedential purpose. The majority’s "no opinion" affirmance decides the issue without addressing it. Rule 53 was not intended for such a purpose.