# CIRCUIT COURT OF NELSON COUNTY

Patricia Branscome

v.

Peter Schaus

Case No. CH05000110-00

BY JUDGE J. MICHAEL GAMBLE

March 21, 2006

I am writing to rule upon the demurrer of Ms. Branscome to the cross-bill of Mr. Schaus. In this regard, the demurrer is overruled.

A gift may be conditional, and, in particular, it may be conditioned upon the completion of a marriage. *Grossman v. Greenstein*, 161 Md. 71, 73-74, 155 A. 190, 191 (1931); *Brown v. Thomas*, 127 Wis. 2d 318, 325-27, 379 N.W.2d 868, 872 (1985).

The Supreme Court of Missouri held that gifts made in contemplation of marriage are conditional and, upon breach of the marriage engagement, the property may be recovered by the donor. *Lumsden v. Arbaugh*, 207 Mo. App. 561, 564, 227 S.W. 868, 869 (1921). *Lumsden, supra*, is cited with approval by the Supreme Court of Virginia. *Pretlow v. Pretlow*, 177 Va. 524, 555, 14 S.E.2d 381 (1941). The doctrine of a gift conditioned on marriage is equally applicable to engagement rings (*Brown, supra*), personal property (*Lumsden, supra*), and real estate (*Pretlow, supra*). Accordingly, the demurrer is overruled as to both the engagement ring and the real estate.

Mr. Schaus also seeks damages for labor he contributed to Ms. Branscome's Esmont house. There was no argument on this issue. Nonetheless, the demurrer is overruled on this issue because this is a *quantum meruit* claim.

2

July 20, 2006

The plaintiff has filed a motion to reconsider and a motion for leave to amend demurrer, amended demurrer, or plea in bar. Those motions are overruled. I will briefly state my reasons.

The motion to reconsider the earlier ruling on the demurrer is set forth in Subsection A of the plaintiff's argument. This is merely further argument on the matters that were argued at the initial hearing on the demurrer. While my decision on the demurrer remains unchanged, it is certainly proper for the plaintiff to advance these arguments at trial. This appears to be an issue that is not settled in Virginia. There are certainly no case decisions directly on point. Thus, I am reluctant to conclude this case based upon the pleading without any evidentiary context.

Next, Subsections B, C, D, E, and F seek to amend the demurrer and expand the argument beyond the argument presented at the initial demurrer hearing. First, I do not believe that any of these issues are appropriate for disposal by a demurrer or plea in bar. I am well aware of the *Utsch v. Utsch*, 266 Va. 124 (2003), decision by the Supreme Court of Virginia. The underpinning of this decision is the parole evidence rule. This is a rule of evidence to be raised at trial and not appropriate to be raised as a plea in bar. There first must be *evidence,* then an objection, and then a decision whether the rule applies, and, if it does, whether any exceptions apply.

Next, the plaintiff argues that the prayer in the cross-bill for the return of the property of Mr. Schaus is nothing more than an action for alienation of affection or breach of promise to marry. This is certainly an appropriate argument to make at trial. However, I am not willing to make a dispositive ruling on this at this time. In particular, one should note that the Circuit Court of Fairfax County did not accept this argument with regard to engagement gifts. See the reasoning in *Pierce v. Anderson*, 63 Va. Cir. 207 (2003).

Last, the plaintiff maintains that the *quantum meruit* claim should be dismissed on the demurrer or plea in bar. The linchpin of this argument is *Hendrickson v. Meredith*, 161 Va. 193, 170 S.E. 602 (1933). While *Hendrickson* may be appropriate to argue at trial, it certainly does not mandate a ruling in favor of the plaintiff on the basis of the pleading. The rulings in *Hendrickson* were driven by the evidence. Before the *quantum meruit* claim can be resolved, the court must hear the evidence.