## CIRCUIT COURT OF THE CITY OF RICHMOND

Clifton Hicks

v.

Sheila Jordan

June 16, 2010

Case No. CL09-4244

BY JUDGE MELVIN R. HUGHES, JR.

The court has been reconsidering the decision announced in court at the conclusion of the evidence that the plaintiff is not entitled to a recovery. The facts and circumstances are well known. So, I will not repeat them.

As I have mentioned, upon further reflecting and looking at additional case authority, the facts in this case present evidence of a gift made in contemplation of marriage and, as such, is conditional. Upon the breach of the engagement to be married, the property may be recovered by the donor. *Lumsden v. Arbaugh*, 207 Mo. App. 561, 564, 227 S.W. 868, 869 (1921). Our court has cited *Lumsden* with approval in *Pretlow v. Pretlow*, 177 Va. 524, 444, 14 S.E.2d 381 (1941). In *Pretlow*, although not a case directly on point, the court said:

> If an intended husband makes a present, after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the fact of her promise to marry him, if she breaks off the marriage, he may recover from her the value of such present. . . .

*Id.*, at 555.

The Court finds that in this detinue action the evidence here is sufficient to support plaintiff's claim right to recover the ring *in specie*, and it will be so ordered.

The court also finds that Va. Code § 11-2 presents no bar to plaintiff's right to recover as by his performance the defendant is estopped from pleading the statute of frauds.