# CIRCUIT COURT OF LOUDOUN COUNTY

Alexander John Peter

v.

Kelly Rhea Langley

November 6, 2014

Case No. (Civil) 89241

BY JUDGE THOMAS D. HORNE

This matter came before the Court on November 5, 2014, for trial on Plaintiff Alexander John Peter's Motion for Detinue. This case was taken under advisement to determine whether detinue should be ordered. For reasons set for in this opinion, the Motion for Detinue is granted.

This action arises out of a broken engagement. Plaintiff and Defendant, Kelly Rhea Langley, were engaged on November 23, 2012, in Charlottesville, Virginia, where the Plaintiff got down on one knee and presented the Defendant with the engagement ring in dispute. Prior to the proposal, the Plaintiff spoke to the Defendant's mother and requested permission for her daughter's hand in marriage. Pursuant to the appraisal attached to the Plaintiff's filings and expert testimony at trial, the engagement ring is valued at $46,646.00. Plaintiff asserted that the ring was a gift made in contemplation of marriage and conditioned upon the marriage of the Plaintiff and Defendant. Subsequently, the Defendant terminated the engagement on January 14, 2014, and moved out of Plaintiff's apartment where the parties cohabited. Assuming fault is a factor to be considered by the Court, it is noted that there was no evidence presented at trial to support a finding of fault by either party. Defendant has made it clear to Plaintiff that she does not intend to marry him. Plaintiff has demanded return of the engagement ring, but Defendant has refused to do so. Plaintiff seeks return of the engagement ring or judgment for its value in the sum of $46,646.00 pursuant to Virginia Code Ann. § 8.01-121.

In Virginia, in order to maintain an action of detinue, a plaintiff must prove: (1) a right of property in the property sought to be recovered; (2) the right to the property's immediate possession; (3) the property must be capable of identification; (4) the property must be of some value,

and (5) the defendant must have had possession at some time prior to the commencement of the action. *See Vicars v. Atlantic Discount Co.*, 205 Va. 934, 938 (1965); *Lee v. Park*, 73 Va. Cir. 219, 235 (2007).

At issue is Plaintiff's right to the property. Virginia Code Ann. § 8.01-220, otherwise referred to as the Heart Balm Act, prohibits actions for breach of promise to marry. This statute has been interpreted by some Virginia circuit courts to prohibit the return of property given on the condition of marriage. *See Georgalas v. Kilgore*, 73 Va. Cir. 34 (2006) ("There is little question this action simply seeks damages incurred as a result of a 'breach of promise to marry.' As such, there is no cause of action as it is barred pursuant to Virginia Code § 8.01-220."); *Holmburg v. Ferrell*, 69 Va. Cir. 348 (2005) (denied plaintiff's request for return of a vehicle given to defendant on the condition of marriage pursuant to Virginia Code Ann. § 8.01-220).

Despite the foregoing, this Court finds that the intention behind that Heart Balm Act was not to prohibit the return of engagement gifts. Rather, this Court follows the majority view that Heart Balm Acts "go no further than to bar actions for damages suffered from loss of marriage, humiliation, and other direct consequences of the breach and do not affect the rights and duties of the parties relative to gifts passing between them, which are determinable by common-law principles." 44 A.L.R.5th 1, 11 (1996). Of note is the West Virginia case *Bryan v. Lincoln*. When interpreting the West Virginia Heart Balm Act nearly identical to Virginia's, the Supreme Court of Appeals of West Virginia found that "the Legislature could not have intended by enactment of the statute to permit the unjust enrichment of persons to whom property had been transferred while the parties enjoyed a confidential relationship." *Bryan v. Lincoln*, 168 W. Va. 556, 558 (1981). The court concluded that West Virginia's Heart Balm Act "does not affect the rights and duties of the parties relative to a transfer of specific property or a specified sum of money to a betrothed" and that common law causes of action exist when property rights are impinged by a breach of contract. *Id.* at 558-59.

When applying Virginia common law principles on this topic, the Virginia Supreme Court has found that, upon the breach of an engagement to be married, gifts made in contemplation of marriage may be recovered by the donor due to the gift's conditional nature. *Pretlow v. Pretlow*, 177 Va. 524, 555 (1941). The *Pretlow* court provided, "If an intended husband make a present, after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the fact of her promise to marry him, if she break off the marriage, he may recover from her the value of such present[.]" *Id.* (quoting *Lumsden v. Arbaugh*, 207 Mo. App. 561, 227 S.W. 868 (1921)). In addition, a Virginia circuit court recently applied the logic of *Pretlow* in ruling that a plaintiff was entitled to recover an engagement ring after a broken engagement in a detinue action. *Hicks v. Jordan*, 80 Va. Cir. 412 (2010).

The Plaintiff has proven all the required elements of detinue. Pursuant to the majority view of the intentions behind the Heart Balm Act and the Virginia Supreme Court's rulings of common-law principles of gift giving, the Court finds that the Plaintiff has a right to the engagement ring. Further, the Plaintiff has an immediate right to possession of the ring in light of the breach of the engagement. The ring is capable of identification and the value of the ring was testified to at trial. Lastly, the Plaintiff had possession of the ring at some time prior to commencement of the action.

Accordingly, it is hereby ordered that the evidence here is sufficient to support the Plaintiff's right to recover the ring *in specie*. Defendant shall relinquish possession of the engagement ring to Plaintiff within ten days of this order.

Virginia Code Ann. § 11-2 requiring written evidence of an agreement made upon consideration of marriage presents no bar to Plaintiff's right to recover as, by his performance, the Defendant is estopped from pleading the Statute of Frauds.

Further, the Court finds that there is not support for an award of counsel fees in this case.

Endorsement of this Order is dispensed within the sound discretion of the Court pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia. The parties may note their exceptions by separate filings within ten days. The Clerk of the Court will ensure the all parties receive copies of this order.