THOMPSON, Presiding Judge.
James Todd Henry (“the husband”) appeals from a judgment of the Etowah Circuit Court (“the trial court”) that, among other things, divorced him from Cariaine Henry (“the wife”) and divided the parties’ marital property. The husband raises two issues on appeal: whether the trial court abused its discretion in awarding the wife a Corvette automobile and whether the trial court abused its discretion in divorcing the parties.
The evidence relevant to the issue of whether the trial court abused its discretion in awarding the wife the Corvette indicates the following. The parties married in May 2012 and separated in June 2014. The wife filed a complaint for a divorce in June 2014. The parties had no children together. In the complaint, the wife averred that the parties had no jointly owned property.
The husband testified that the Corvette at issue was a 1994 model that his grandparents had given him as a gift in 1996, 16 years before the parties married. The husband said that he had worked on the Corvette and had invested what his attorney called “sweat equity” in the vehicle during the years he owned it. At the time of the divorce hearing, the Corvette was not running and was being kept in the garage at the wife’s house. The parties did not present any evidence regarding how the Corvette was used during the course of the marriage.
The wife testified that the husband had three vehicles in addition to the Corvette and that she wanted title to the Corvette. She stated that she had paid insurance on that vehicle, as well as for a truck the husband owned. In the complaint, the wife stated that she should be awarded title to the Corvette “for satisfaction of moneys owed to her by [the husband].”
Evidence indicated that the wife worked as a nurse at a local hospital. During the course of the marriage, the husband had worked as a salesman at three car dealerships; at the time of the divorce hearing, he operated a landscaping business. The wife estimated that, during the two years of the marriage, she had paid approximately $14,000 on behalf of the husband, including paying for insurance for his vehicles, paying the debt on his truck, paying a debt he owed the Internal Revenue Service (“IRS”), and paying attorney fees associated with that debt to the IRS and associated with a bankruptcy action in which the husband was involved. The wife also testified that, during the marriage, she had paid all the household bills so that the husband could save money to start the landscaping business. The husband testified that he was unable to have a checking *91 account and that, therefore, money from his paychecks was deposited into the wife’s account from which the household bills were paid.
In the divorce judgment, entered on September 25, 2014, the trial court awarded the wife the Corvette and divested the husband of his interest in that vehicle. On September 29, 2014, the husband filed a motion to alter, amend, or vacate the judgment, arguing, among other things, that, because the evidence indicated that the Corvette had been a gift to the husband and had not been used for the parties’ common benefit during the marriage, the wife should not have been awarded the vehicle. On December 18, 2014, the trial court entered an order amending the judgment, stating that the husband could “re-obtain possession” of the Corvette if he paid the wife $13,000 over the next 12 months. The trial court went on to say that the wife was not obligated to return the Corvette until the husband had paid her the entire $13,000. The husband then filed a timely notice qf appeal.
As he did in his postjudgment motion, the husband argues on appeal that, because the Corvette had been a gift to him more than a decade before the marriage and because there was no evidence indicating that it had been used for the parties’ common benefit during the marriage, the Corvette was not marital prop-: erty. Therefore, the husband says, the trial court could not properly have awarded it to the wife.
“ ‘A divorce judgment that is based on evidence presented ore tenus is afforded a presumption of correctness. Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998). This presumption of correctness is based upon the trial court’s unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Brown, supra; Hall v. Mazzone, 486 So.2d 408 (Ala.1986). A judgment of the trial court based on its findings of facts will be reversed only where it is so unsupported by the evidence as to be plainly and palpably wrong. Brown, supra. However, there, is no presumption of correctness in the trial court’s application of law to the facts. Gaston v. Ames, 514 So.2d 877 (Ala.1987).’
“Robinson v. Robinson, 795 So.2d 729, 732-33 (Ala.Civ.App.2001).”
Carnes v. Carnes, 82 So.3d 704, 710 (Ala.Civ.App.2011).
Section 30-2-51(a), Ala.Code 1975, provides:
“If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
Furthermore, in Cox v. Cox, 531 So.2d 1232, 1233 (Ala.Civ.App.1988), this court held that, even if a divorcing spouse’s only asset is an interest in property inherited from a parent, if that asset is not used for the common benefit of the parties’ during the marriage, that asset is not subject to division and cannot be used to satisfy an award of alimony in gross or a property settlement. “Otherwise,” this court reasoned, “we would be saying that the trial *92 court can do indirectly what it cannot do directly.” Id,
It is undisputed that the husband had acquired the Corvette 16 years before the marriage.' A review of the record demonstrates that no evidence was-presented indicating that the Corvette was used regularly, if at all, for the’ common benefit of the parties’ during the marriage. Thus, we agree with the husband that the trial court could not consider the Corvette as marital property subject to division. See Cox, supra.
In her appellate brief, the wife asserts that, in awarding her the Corvette (or $13,000 if .the husband chose to pay her for that vehicle), the trial court was attempting “to do equity and make, her whole.” She also states that she wanted the Corvette or the money as reimbursement for the money she had paid on behalf of the husband during the course of the marriage. There is no evidence indicating, and the wife does not contend, that the husband somehow tricked the wife into paying his debts. The wife did not dispute the husband’s testimony that she was aware of his poor financial condition when the parties married. We have found no authority to support the wife’s belief that she is entitled to be repaid for the money she spent on behalf of the husband during the course of the marriage.[1] Indeed, to establish such a precedent would be detrimental to a spouse who does not work outside the home or to a spouse who earns significantly less income than the other spouse. The parties were married; they were not contractually obligated to ensure that each provided a certain share in financing their relationship for the duration of their married life.
In her appellate brief, the wife also contends that the judgment is due to be affirmed because, she says, the husband was granted the relief he requested -in his postjudgment motion, i.e., the trial court amended the judgment to allow the husband to regain possession of the Corvette upon the payment of $13,000. She contends that, pursuant to the amended judgment, the husband now has the opportunity to retrieve the Corvette as he requested. The wife’s argument mischar-acterizes the husband’s request, however. Nowhere in his postjudgment motion did the husband agree to give the wife money or property in lieu of the Corvette. Instead, he argued simply that the Corvette was not marital property and, therefore, could not be awarded to the wife.
We conclude that the trial court abused its discretion in awarding the wife the Corvette because the vehicle was not marital property and could not be considered or used, directly or indirectly, in a property settlement. Accordingly, we reverse that portion of the judgment awarding the wife the Corvette and requiring the husband to pay the wife $13,000 to regain the Corvette. We remand this cause to the trial court to fashion an equitable property *93 division between the parties in compliance with this opinion.
In a one-paragraph argument, the husband also contends that the trial court abused its discretion in divorcing the parties without first ordering them to attend counseling. The husband cites no authority that would require the trial court to order such counseling. He also does not provide us with a legal basis for reversing the trial court’s judgment as to this issue.
“It is well settled that ‘[t]his court will address only those issues properly presented and for which supporting authority has been cited.’ Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996). ‘Rule 28(a)(10)[, Ala. RApp. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.’ White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).”
Bonner v. Bonner, 170 So.3d 697, 704-05 (Ala.Civ.App.2015). Accordingly, we will not reverse the trial court’s judgment as to this issue.
The wife’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that, even if the divorce had been based on the misconduct of the husband, rather than on the ground of incompatibility of temperament, the trial court still would not be able to use the husband’s separate property to make the wife "whole.” Section 30-2-52, Ala.Code 1975, provides:
"If the divorce is in favor of either spouse for the misconduct of the other spouse, the judge trying the case shall have the right to make an allowance to either spouse out of the estate of either spouse, or not make an allowance as the circumstances of the case may justify, and if an allowance is made, the misconduct of either spouse may be considered in determining, the amount; provided, however, that any property acquired prior to the marriage o f the parties or by inheritance or gift may not be considered in determining the amount.''’
(Emphasis added.)-